Dye, J.
The question raised on this appeal by permission is whether there was enough corroboration of accomplice testimony to support the judgment of conviction (Code Grim. Pro., § 399).
On May 16, 1954 at 8:00 p.m., a small grocery and fruit store in Brooklyn was looted at gun point. The police were able to apprehend the owner of the get-away car, who confessed to his participation in the holdup and implicated five others including Morris Weiss, the appellant.
At the time of Weiss’ trial four of the men had been convicted and were awaiting sentence, while a fifth remained a fugitive. Two of these men, Lo Castro and Schaum, testified for the People, involving Weiss in the crime; De Blase and McKuhan, who were not called by the Assistant District Attorney, were summoned by the defendant but, contrary to expectations, gave testimony confirming in all material respects the testimony given by Lo Castro and Schaum. Having taken the stand in his own behalf, Weiss proclaimed his innocence and, by way of alibi, explained that sometime prior to the robbery he had left his companions and had gone to a dance hall in Manhattan, where he met a young lady with whom he spent the next several hours. When the young lady testified she confirmed the appellant’s version of his activities at the dance but, unfortunately for him, she had a different version of the time element which was the crucial point. She placed his arrival at approximately 10:00 o ’clock which was much later than the known time of the crime which had been fixed at about 8:00 o’clock. The issue thus narrowed to one of identity.
In that connection, the victim, Mor Eisikowitz, testified that one of the participants in the robbery, who had ordered him to the back of the store and taken his wrist watch, was a “ tall man,” “ taller than I.” He was unable to observe his complexion “ because my attention was not at that ”; nor could he recall the clothing the robber wore or his hair color; but he placed his age at between 30 and 40, and said that ‘ ‘ bis face *141 wasn’t very clean; he wasn’t shaved, and it wasn’t fresh. It had a little already wrinkles.” Also: ‘1 He was thin. It was a drawn face.” “ I saw him, bnt I wouldn’t — I wasn’t able to see him clearly all the features to distinguish him. ” “I couldn’t say with certainty that this is the man.” “I’m not sure a hundred per cent.” “ I believe it’s the man, but I can’t say with certainty, with full certainty.” “I looked at him, but I wouldn’t remember his face because I was frightened.” “I think it’s the same man. ” “It looks to me that this is the man. ’ ’
Appellant contends that Eisikowitz’s testimony was too vague to corroborate that of the accomplices. We do not agree. A jury could reasonably have found, as they did here, that Eisikowitz gave “ such other evidence as tends to connect the defendant with the commission of the crime ”, which is all that section 399 requires. Positive identification is not the minimum standard. It is enough that Eisikowitz, who apparently impressed the jury as honest and sincere, believed Weiss was the robber in question, and offered some examples of physical similarity between Weiss and the participant in the robbery. (Code Crim. Pro., § 399; People v. Feolo, 284 N. Y. 381; People v. Plafh, 100 N. Y. 590; People v. Reddy, 261 N. Y. 479.)
In his charge to the jury the trial court took great pains to instruct them that the statutory test of corroboration was “by such other evidence as tends to connect the defendant with the commission of the crime ” and that it was necessary that such corroborating come from an independent source. The jury were also instructed that they were to look to Eisikowitz’s testimony for the needed corroboration. If they could not conclude that his testimony tended to connect appellant with the crime, they were to find him not guilty. In rendering the verdict they did, the jury must have seen in that testimony a tendency toward connection between appellant and the commission of the crime charged. The basis for their finding was legally sufficient.
In the view thus taken, we do not reach the question whether section 399 of the Code of Criminal Procedure requires corroboration of testimony given by an accomplice called by the defense.
The judgment should be affirmed.