Per Curiam.

The witness Guglielmiui implicated the defendant in the commission of the crime of which he stands convicted and, even if he were deemed an accomplice, defendant’s false stories, evincing as they do a consciousness of guilt on his part, constituted—in the light of the entire record before us — the essential corroborative evidence for accomplice testimony. (See People v. Leyra, 1 N Y 2d 199, 208; People v. Deitsch, 237 N. Y. 300, 303.) We would merely add that, in reaching our decision to affirm, we considered the defendant’s contention that the prosecutor acted improperly in making certain remarks on summation, despite the absence of a motion for a mistrial or a request for instructions to the jury with respect to the statements now challenged. In People v. Lovello (1 N Y 2d 436, 439), this court, relaxing the strict rule expressed in other cases (see, e.g., People v. Pindar, 210 N. Y. 191,196-197; People v. Levine, 297 N. Y. 144, 148), held that an objection and an “ adequate exception” to an adverse ruling by the court with respect to that objection were sufficient to preserve the question for our review.
The judgment appealed from should be affirmed.
Chief Judge Desmond and Judges Dye, Fuld, Froessel, Van Voorhis, Burke and Foster concur.
Judgment affirmed.