### UNITED STATES of America ex rel. Morris WEISS, Relator,

#### v.

### Hon. Edward M. FAY, as Warden of Green Haven Prison, Stormville, New York, Respondent.

United States District Court
S. D. New York.
July 21, 1964.

Morris Weiss, pro se.

Louis J. Lefkowitz, Atty. Gen., of the State of New York, New York City, for respondent; Frank J. Pannizzo, Deputy Asst. Atty. Gen., of counsel.

WEINFELD, District Judge.

Petitioner, Morris Weiss, now serving a sentence of fifteen to thirty years [1] at Stormville, New York, pursuant to a judgment of conviction for robbery in the first degree, entered in the County Court, Kings County, in November, 1954 upon a jury verdict,[2] seeks his release upon a writ of habeas corpus. He contends that the judgment of conviction violates his federally protected right to

due process of law under the Fourteenth Amendment because the District Attorney permitted to go uncorrected the testimony of two accomplices that no promises of leniency had been made to induce them to testify as State witnesses; that their testimony was false and so known to the prosecution and the Court.

The robbery of which petitioner was convicted was participated in by five other individuals. At the time of petitioner's trial, four had been convicted upon their pleas of guilty to robbery in the first degree, unarmed, and were awaiting sentence; the fifth was a fugitive. Two, LoCastro and Schaum, testified for the prosecution and implicated petitioner; the other two, DeBlase and McKuhan, were called by petitioner as defense witnesses, but, contrary to expectations, confirmed in all material respects the testimony of LoCastro and Schaum. After petitioner's trial had been concluded, LoCastro and Schaum were permitted to withdraw their previously entered pleas to robbery in the first degree, unarmed, and to plead to robbery in the third degree, unarmed. DeBlase and McKuhan also were permitted to enter reduced pleas, but to robbery in the second degree, unarmed.

In 1963, nine years after his conviction, petitioner instituted a coram nobis proceeding in the County Court where the conviction had been entered, and contended that to the knowledge of the Trial Court and the Assistant District Attorney, LoCastro and Schaum had testified falsely that no promises of leniency had been made to them in exchange for their testimony on behalf of the People.[3] The application was based solely upon his affidavit, which contained no evidential matter; petitioner relied exclusively upon the fact that the two accomplices called as prosecution witnesses were permitted, after the trial, to plead to the

---

1. The original sentence was 30 to 60 years, but was modified.

2. The judgment of conviction was affirmed, People v. Weiss, 8 A.D.2d 727, 187 N.Y.S.2d 988 (2d Dep't), aff'd, 7 N.Y.2d 139, 196 N.Y.S.2d 76, 164 N.E.2d 379 (1959).

3. See Napue v. People of State of Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959); People v. Savvides, 1 N.Y. 2d 554, 154 N.Y.S.2d 885, 136 N.E.2d 853 (1956).

914

lesser charge of robbery in the third degree, unarmed. The County Court Judge denied the petition for the writ without a hearing. He pointed out that the lawyers for LoCastro and Schaum were still alive and that petitioner had failed to submit affidavits from either one or to account for his failure to do so. The denial of petitioner's application was "without prejudice to renewal upon proper papers." Upon appeal, the denial was upheld, the Appellate Division, Second Department, noting that petitioner's application was "based solely upon a study of the minutes and without substantial factual evidence to support the conclusory allegations." [4] Leave to appeal to the Court of Appeals was denied.

█ █ The petitioner in this application for a writ of habeas corpus makes substantially the same allegations which he urged in support of his coram nobis motion in the State Courts and there rejected. However, he argues, in effect, that even though his charges here also rest upon his mere say-so with respect to matters as to which he has no personal knowledge and lack supporting affidavits, he is entitled to a hearing to establish them—that one is "indispensable" under Townsend v. Sain.[5] The State, on the other hand, contends that since his coram nobis application was denied without prejudice to a renewal upon proper papers, he still has an available remedy in the State Courts. I am inclined to agree that there is merit to the State's position on the exhaustion issue, but also am of the view that upon the entire record petitioner's plea must fail. The mere unsupported and conclusory assertion of a violation by a state of a petitioner's federally protected right to due process of law does not, in and of itself, command a hearing. Townsend v. Sain

does not hold to the contrary; it does not, ipso facto, entitle a petitioner to an evidentiary hearing merely because none was held in the State Courts on his claim.[6] Moreover, the deficiency in factual allegations is not met by petitioner's challenge to the State that, the unsupported charge having been made, it is incumbent upon "the People [to] interview the attorneys' [sic] for the co-defendants, Schaum and LoCastro * * in a search for the truth." The burden upon one who is collaterally attacking a judgment to submit some factual support for his claim is not so readily discharged.

█ The petitioner here has drawn, from the acceptance of the accomplices' lesser pleas, an inference that it was pursuant to a promise and an agreement made by the prosecution and defense attorneys in advance of trial, and thus concludes the trial testimony to the contrary was false and so a hearing is compelled. However, without some proof, no matter how slight, there is no basis to warrant the inference that such a promise was made to the accomplices and that their testimony was perjured. A somewhat similar contention was rejected by our Court of Appeals in United States v. Aviles,[7] where it was argued that because an accomplice's sentence had been commuted three months after trial by the Governor of New York at the prosecution's request, it followed that his testimony at the trial, that no promises had been made in return for his testimony, was false. In rejecting this contention, the Court of Appeals stated:

"This commutation was granted at the request of the United States Attorney because of [the accomplice's] assistance to the government in narcotics prosecutions. It does not fol-

4. People v. Weiss, 20 A.D.2d 572, 573, 245 N.Y.S.2d 834, 835 (2d Dep't 1963) (mem.).

5. 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

6. United States ex rel. Homchak v. People, 323 F.2d 449 (2d Cir. 1963), cert.

denied, 376 U.S. 919, 84 S.Ct. 677, 11 L. Ed.2d 615 (1964). See United States ex rel. McGrath v. LaValle, 319 F.2d 308, 312 (2d Cir. 1963).

7. 274 F.2d 179 (2d Cir.), cert. denied, sub nom. Evola v. United States, 362 U.S. 974, 80 S.Ct. 1057, 4 L.Ed.2d 1009 (1960).

low from the action of the United States Attorney and the action of the Governor that any promise was made to the witness. It is a well understood practice for the prosecutor and the chief executive concerned to give appropriate consideration to witnesses who have assisted the government. * * * Consequently, we do not conclude from the fact of the Governor's commutation that [the accomplice] was testifying falsely when he disclaimed any promise." [8]

The illogicality of the inference upon which petitioner rests his claim is also demonstrated by the fact that the two other accomplices called, not by the State, but by the petitioner himself, were also permitted after the trial to plead to a lesser charge. A reading of the record suggests a reason. While petitioner was in his late thirties at the time the robbery was committed, the four accomplices were all teenagers; LoCastro and Schaum were sixteen years of age.

If conclusory allegations such as those contained in the present petition were sufficient to require an evidentiary hearing, then a hearing would have to be conducted in every case where an accomplice, called by the prosecution, denies he was promised consideration for his testimony, and subsequently is given a suspended sentence, permitted to plead to a lesser charge, or given other consideration. The affirmance of the judgment of conviction in *Aviles* as to all but one defendant [9] indicates that this is not the law.

Stripped of the benefit of the impermissible inference, nothing is presented in the petition but petitioner's conclusory allegation that perjured testimony was used at his trial to the knowledge of the prosecution and Court. Such an allegation, without any explanation for failure to submit affidavits from those who allegedly have knowledge of the facts, does not entitle petitioner to a hearing.[10]

The petition for a writ of habeas corpus is denied.

---

8. Id. at 191. See also, Green v. United States, 313 F.2d 6 (1st Cir.), petition for cert. dismissed, 372 U.S. 951, 83 S.Ct. 948, 9 L.Ed.2d 976 (1963).

9. Reversed for insufficiency of evidence.

10. United States v. Schultz, 286 F.2d 753, 755 (7th Cir. 1961); Dean v. United States, 265 F.2d 544, 546 (8th Cir. 1959).