■ FAMILY FINANCE CORPORATION, Appellant, v. HAROLD GREENBAUM, Respondent.— Order entered August 9, 1968, vacating income execution and staying plaintiff-judgment-creditor from further proceeding, unanimously reversed on the law, with $30 costs and disbursements to appellant and defendant's motion denied. There is still outstanding and unvacated a judgment by default in favor of plaintiff and against defendant in the Civil Court of the City of New York. If there is any merit to defendant's contention that the obligation was in fact dischargeable in bankruptcy the judgment of the Civil Court requires and proper procedure dictates that defendant first attempt to vacate this judgment. If so advised, he may proceed pursuant to section 150 of the Debtor and Creditor Law. We note however, that section 17 (subd. [a], par. [2]) of the Bankruptcy Act (U. S. Code, tit. 11, § 35, subd. [a], par. [2]), excludes from the effect of a discharge in bankruptcy liability for obtaining money upon a materially false statement in writing respecting the bankrupt's financial condition. Concur — Eager, J. P., Capozzoli, Tilzer, McGivern and McNally, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. JAMES BLAKE and JAMES EDSTROM, Respondents.— Order entered February 9, 1968, granting defendants' motion to dismiss the indictments on the ground defendants have been denied a speedy trial, unanimously reversed on the law and the facts, the motion is denied and the indictments are reinstated. In a criminal action, a defendant has a statutory right to a speedy trial (Code Crim. Pro., § 8), and he may be deprived of this right if the People unduly and unreasonably procrastinate after the initiation of criminal proceedings. In this case however, we sense more than a mere acquiescence on the part of the defendants in the delay now protested. They not only did not invoke their statutory remedy by making a timely motion to dismiss pursuant to section 668 of the code, they indicated a community of interest with the third defendant involved by co-operating with the various motions and maneuvers of his counsel which in turn did result in delay. In all this we may import consent in the course of delay that has eventuated, to the point that dismissal of the indictments is not proper. However, since the conduct of the People is not completely inculpable and since there is still imposed " upon the officers, charged with enforcing the law and who secured the indictment, the quite reasonable, far from burdensome, duty of noticing it for trial " (People v. Prosser, 309 N. Y. 353, 361), we add the following direction: The appellant will proceed to trial forthwith within two calendar terms following the filing of this decision. Concur.— Botein, P. J., Stevens, Tilzer, McGivern and Bastow, JJ.