Jones, J.
On this appeal we confront the issue explicitly left open by our court in People v. Leo (23 N Y 2d 556, 561, n. 2). Is the rule announced by the Supreme Court of the United States in Garrity v. New Jersey (385 U. S. 493) that testimony of a public employee compelled under a forfeiture-of-office statute is inadmissible, a per se rule and thus inexorably to be applied, or is the rule inapplicable if the element of coercion is explicitly eliminated by a factual determination of voluntariness on the part of the particular public employee?
In this case an Assistant Attorney-General of the State was under criminal investigation. Aware that he had been charged with attempted extortion, defendant went uninvited to the office of the District Attorney and voluntarily disclosed what he asserted were the true facts. He asked to appear before the Grand Jury. Several days later, again on his own initiative, he made a telephone call to an Assistant District Attorney which *346 led to his appearance before the Grand Jury. He there signed a waiver of immunity ‘ ‘ willingly ’ and testified.
Following his subsequent indictment and arraignment, defendant moved to suppress his Grand Jury testimony and to dismiss the indictment on the authority of Garrity v. New Jersey (385 U. S. 493) decided some nine months after his appearance before the Grand Jury. Following a hearing Supreme Court denied defendant’s motion, on the basis of factual findings that both his appearance before the Grand Jury and his waiver of immunity were voluntary. The court wrote: “ The Court has completed a hearing on the issue of coerced testimony. This Court is convinced beyond a reasonable doubt and by clear and convincing evidence that the defendant Gluclcsman appeared before the Grand Jury without being subpoenaed and testified of his own volition. # * * Neither coercion nor duress compelled his appearance. The threat or apprenhension that he would forfeit his official position was not the reason for his testifying or his executing a waiver of immunity.” Prior to making its findings the court had acceded to defendant’s request and had examined the entire minutes of the Grand Jury. “ They leave no doubt that the defendant appeared voluntarily and testified of his own free will.'” Indeed in the peculiar circumstances of this case it appears that defendant was eager to testify and that whether or not to waive immunity was not a factor in his mind. This factual finding of voluntariness on defendant’s part, for which there clearly was supporting evidence, having been affirmed at the Appellate Division, is now conclusive on this appeal. Thus, whatever arguments may be advanced that in circumstances of this sort coercion is inescapably inherent must yield to this categorical determination to the contrary as to this defendant.
In Garrity, the Supreme Court described as distinguishable “ the situation where one who is anxious to make a clean breast of the whole affair volunteers the information ” (385 U. S., at p. 499). The same distinction was carried forward in Lefkowitz v. Turley (414 U. S. 70, 80).
We conclude therefore that Garrity did not lay down a per se rule, and accordingly that testimony of a public employee given before a Grand Jury is not necessarily inadmissible where there. *347 is a determination that the public employee’s appearance and waiver were both voluntary.
We have examined defendant’s other contentions and find them to be without merit.
The order of the Appellate Division should be affirmed.
Chief Judge Bbeitel and Judges Jasen, Gabbielli, Wachtleb and Rabin concur; Judge Stevens taking no part.
Order affirmed.