Jerome O. **GLUCKSMAN**, Plaintiff,

v.

Harold **BIRNS** et al., Defendants.

Jerome O. **GLUCKSMAN**, Petitioner,

v.

**STATE OF NEW YORK DEPARTMENT OF CORRECTIONAL SERVICES and Superintendent of Wallkill Correctional Facility, Respondents.**

Nos. 75 Civ. 1593, 75 Civ. 1764.

United States District Court,
S. D. New York.

Aug. 5, 1975.

Jerome O. Glucksman pro se.

Robert M. Morgenthau, Dist. Atty., New York County, New York City, for defendants; Peter L. Zimroth, Sharon M. Lynch, New York City, of counsel.

ROBERT J. WARD, District Judge.

 Jerome O. Glucksman ("Glucksman"), a former Assistant State Attorney General convicted in New York State Supreme Court of conspiracy and attempted extortion, petitions *pro se* for a writ of habeas corpus, and raises some of the same claims in an action for injunctive relief and damages pursuant to 42 U.S.C. § 1983. Although presently free on his own recognizance, having served six months and twenty days of concurrent sentences of from one to two years imposed in May, 1971, he remains in state custody for purposes of federal habeas corpus. *See Hensley v. Municipal Court*, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973). He brought the instant actions in response to an order issued January 22, 1975 to surrender to serve the remainder of these sentences. New York Supreme Court Justice Harold Birns who issued the order has deferred its enforcement in anticipation of this Court's decision.

In his petition, Glucksman attacks the legality of the underlying conviction as having been obtained in violation of his

rights under the Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States and, further, charges that his reincarceration now would violate his Eighth and Fourteenth Amendment rights. The latter contention is also the basis of his action pursuant to 42 U.S.C. § 1983. The defendants named in the civil rights action move pursuant to Rule 12(b)(1) and (6), Fed.R.Civ.P., to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. After full consideration, for the reasons set forth below, this Court finds petitioner's claims to be without merit and, accordingly, dismisses his petition for a writ of habeas corpus and grants defendants' motion to dismiss the civil rights complaint.

### I. *Facts*

Petitioner comes to this Court by a complicated route. In September, 1965 while he was an Assistant State Attorney General, a New York County grand jury began to investigate charges of extortion made against him. Aware of these charges, Glucksman went uninvited to the office of the District Attorney and, asserting his readiness to make exculpatory explanations, voluntarily offered to testify before the grand jury. He was told that if he wished to testify he would have to waive his immunity with regard to questions concerning the performance of his official duties. He responded that he was aware of Article 1, § 6 of the New York State Constitution which provided that he would have to forfeit his public office should he refuse to testify upon being subpoenaed. Nevertheless, several days later, without being subpoenaed, he appeared before the grand jury, willingly signed a waiver of immunity, and testified.

In April, 1966, the grand jury returned two indictments against him, the first charging perjury in the first degree before the grand jury, and the second, conspiracy and attempted extortion.

These two indictments were tried separately. In April, 1969, Glucksman was convicted of seven counts of perjury in the second degree and sentenced to a nine month term of imprisonment. His appeals of this judgment were unsuccessful,[1] and he does not here challenge that conviction.

In May, 1971, Glucksman was convicted, with two codefendants, of conspiracy and attempted extortion. After serving six months and twenty days of his concurrent one to two year sentences, he obtained a stay of further execution of these sentences pending appeal, and was released pursuant to CPL § 460.50(4) (McKinney's 1971) in December, 1971. His subsequent appeals, raising substantially the same contentions presented here, were also unsuccessful.[2]

Glucksman was notified, upon the Court of Appeals' affirmance of this conviction, that his case had been placed on the calendar of the Supreme Court, New York County, for his surrender on January 22, 1975. On that day, he moved to strike his surrender on the ground that, pursuant to CPL § 460.-50(4), his stay automatically expired 120 days after his release and, consequently, his sentence had already terminated. Alternatively, he argued, the state was estopped from seeking his reincarceration because by not forcing his surrender upon expiration of his stay, the state had led him to believe that his sentence had expired.

---

1. *People v. Glucksman*, 35 A.D.2d 785, 316 N.Y.S.2d 193 (1st Dep't. 1970), *leave to appeal denied*, 27 N.Y.2d 1004, 318 N.Y.S.2d 751, 267 N.E.2d 485 (1970), *cert. denied*, *Glucksman v. New York*, 404 U.S. 838, 92 S.Ct. 127, 30 L.Ed.2d 70 (1972).

2. *People v. Glucksman et al.*, 42 A.D.2d 926, 347 N.Y.S.2d 940 (1st Dep't. 1973), aff'd, 35 N.Y.2d 341, 361 N.Y.S.2d 892, 320 N.E.2d 633 (1974) (with opinion, Jones, J.), *cert. denied*, *Glucksman v. New York*, 420 U.S. 981, 95 S.Ct. 1410, 43 L.Ed.2d 663 (1975).

The Supreme Court denied his motion to strike his surrender,[3] and the Appellate Division, First Department denied leave to appeal.[4] Subsequently, the Appellate Division unanimously dismissed Glucksman's petition for a writ of prohibition barring his reincarceration,[5] brought pursuant to Article 78, NYCPLR 78 (McKinney's 1972), and the Court of Appeals dismissed his appeal from this ruling on the ground that it raised no substantial constitutional issue.[6]

Thereafter, Glucksman instituted his present actions in this Court.

All parties agree that Glucksman has exhausted his state remedies as to all claims raised here, both those attacking his underlying conviction and those challenging his imminent reincarceration, and is thus properly before this Court. *See Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

Unless a petitioner for a writ of habeas corpus can establish by convincing evidence that the state proceeding suffered from any of the defects enumerated in 28 U.S.C. § 2254(d) [7] or that the factual determinations by the state court were erroneous, the state findings are presumed correct and it would be improper for a federal court to make new findings on the same issues. *La-Vallee v. Delle Rose,* 410 U.S. 690, 694–95, 93 S.Ct. 1203, 35 L.Ed.2d 637 (1973); *United States ex rel. Cole v.*

3. *People v. Glucksman,* (N.Y.Sup.Ct. Feb. 6, 1975), New York Law Journal, Feb. 18, 1975, at 15, col. 5.

4. *People v. Glucksman* (App.Div. 1st Dep't. April 10, 1975), New York Law Journal, April 11, 1975, at 2, col. 3.

5. *Glucksman v. Birns,* 47 A.D.2d 721, 367 N.Y.S.2d 734 (1st Dep't. 1975).

6. *Glucksman v. Birns,* (Ct. of App. May 1, 1975), New York Law Journal, at 2, col. 2.

7. 28 U.S.C. § 2254(d) reads:

(d) In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct, unless the applicant shall establish or it shall otherwise appear, or the respondent shall admit—

(1) that the merits of the factual dispute were not resolved in the State court hearing;

(2) that the factfinding procedure employed by the State court was not adequate to afford a full and fair hearing;

(3) that the material facts were not adequately developed at the State court hearing;

(4) that the State court lacked jurisdiction of the subject matter or over the person of the applicant in the State court proceeding;

(5) that the applicant was an indigent and the State court, in deprivation of his constitutional right, failed to appoint counsel to represent him in the State court proceeding;

(6) that the applicant did not receive a full, fair, and adequate hearing in the State court proceeding; or

(7) that the applicant was otherwise denied due process of law in the State court proceeding;

(8) or unless that part of the record of the State court proceeding in which the determination of such factual issue was made, pertinent to a determination of the sufficiency of the evidence to support such factual determination, is produced as provided for hereinafter, and the Federal court on a consideration of such part of the record as a whole concludes that such factual determination is not fairly supported by the record:

And in an evidentiary hearing in the proceeding in the Federal court, when due proof of such factual determination has been made, unless the existence of one or more of the circumstances respectively set forth in paragraphs numbered (1) to (7), inclusive, is shown by the applicant, otherwise appears, or is admitted by the respondent, or unless the court concludes pursuant to the provisions of paragraph numbered (8) that the record in the State court proceeding, considered as a whole, does not fairly support such factual determination, the burden shall rest upon the applicant to establish by convincing evidence that the factual determination by the State court was erroneous.

*LaVallee,* 376 F.Supp. 6, 10 (S.D.N.Y. 1974); *United States ex rel. Griffin v. Vincent,* 359 F.Supp. 1072, 1073 (S.D. N.Y.1973): Only when a petitioner sustains his burden is the federal court empowered, indeed ·obligated, to examine the circumstances anew. 28 U.S.C. § 2254(d); *Townsend v. Sain,* 372 U.S. 293, · 312, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). Applying this standard, the Court concludes that Glucksman has utterly failed to sustain his burden of proof.

## II. *The Attack on the Underlying State Conviction*

This Court concludes, after careful review of the state court proceedings, that the trial judge applied correct standards of federal law, and that, moreover, the state court fairly resolved the disputed issues of fact upon a full and adequate record. Having treated petitioner's contentions in a light most favorable to him, this Court, nevertheless, holds that petitioner has failed to demonstrate errors in his conviction of sufficient constitutional dimension to warrant habeas corpus relief. His arguments will be addressed *seriatum.*

■ A. Glucksman maintains that his appearance before the grand jury and his waiver of immunity were coerced and, following the rule in *Garrity v. New Jersey,* 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562 (1967), introduction of testimony so obtained at his subsequent trial for conspiracy and attempted extortion violated his Fifth Amendment rights. The trial court held a full and fair evidentiary hearing on the voluntariness issue and concluded that neither coercion nor duress compelled petitioner's testimony, but that his reliance upon *Garrity* was a disingenuous afterthought. These factual determinations were specifically addressed by the New York Court of Appeals in its affirmance

of his conviction.[8] The court interpreted *Garrity* as not creating a *per se* rule excluding all testimony by a public employee compelled under a forfeiture-of-office provision, as exists in New York. Rather, it held the *Garrity* rule inapplicable when, as in petitioner's case the element of coercion is explicitly eliminated by a factual determination that the public employee's appearance and waiver of immunity were · both voluntary. Since petitioner's claim based on the *Garrity* rule was fully and fairly adjudicated in state court, this Court has no duty to grant petitioner federal habeas corpus relief. 28 U.S.C. § 2254(d); *see United States ex rel. Johnson v. Department of Correctional Services of the State of New York,* 461 F.2d 956, 961 (2d Cir. 1972).

B. Glucksman further attacks his state conviction because of a fourteen month delay between his arraignment and the date his case was placed on the trial calendar. He initially raised this claim in New York State Supreme Court in a pretrial motion to dismiss his indictment for lack of prosecution. This motion was made after the same court dismissed the indictments against his co-defendants on the ground that this same fourteen month delay constituted a denial of their right to a speedy trial.[9] In his motion papers, Glucksman did not request a hearing but rather relied on the determinations made after his co-defendants' hearing. However, his motion was denied. Glucksman then moved to reargue the denial of his motion, again relying on the findings made relative to his co-defendants. While decision on this motion was *sub judice,* the Appellate Division reversed the dismissal of the indictments against his co-defendants, stating that although the delays in their trial had been occasioned by Glucksman's own "various motions and maneuvers", they had themselves cooper-

---

8. *See* note 2, *supra.*

9. *People v. Glucksman,* (N.Y.Sup.Ct. Feb. 9, 1968), New York Law Journal, Feb. 15,

1968, at 16, cols. 7 and 8, cont. at 17, cols. 1 and 2.

ated in these delays.[10] Glucksman and his co-defendants again raised this claim on the eve of their trial in October, 1970, in separate Article 78 proceedings in the Appellate Division to enjoin their prosecution. That court, in simultaneously dismissing both petitions, found as a matter of fact that "the trial of the indictment had been delayed and postponed on the applications, acquiescence and omissions . . . implicitly were approved by [Glucksman and Blake]."[11]

Glucksman now contends that he has never been granted a full and fair hearing on his claim of denial of a speedy trial, arguing that the pretrial rulings were made without proper findings of fact as to him, since they were so mingled with the rulings as to his co-defendants, and since the Court of Appeals rejected his contention without giving explicit reasons, merely finding it "without merit."[12] This Court finds his contention extraordinary, in view of the numerous times he has presented the same arguments, based on the same factual contentions, to various forums.

■ While the state courts, in denying petitioner's motions based on a denial of a speedy trial, made no express findings of fact, it does not necessarily follow that they failed to decide the merits of his claim. After independently reviewing petitioner's assertions and the state court record, it is clear that no combination of the facts alleged would prove a constitutional violation and that the state courts fully considered his arguments and applied a correct constitutional standard in disposing of his speedy trial claim. Therefore, it is proper for this Court to assume that his claim was rejected after a full and reliable adjudication on the merits and, following the dictates of *Townsend v. Sain,* 372 U.S. 293, 312–316, 83 S.Ct. 745, 9

L.Ed.2d 770 (1963), to deny petitioner habeas relief on this ground.

*Barker v. Wingo,* 407 U.S. 514, 92 S. Ct. 2182, 33 L.Ed.2d 101 (1972), enumerates the criteria by which denial of a speedy trial is to be judged. As a threshold matter, "failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." *Id.* at 532, 92 S.Ct. at 2193. *See also, United States ex rel. Spina v. McQuillan,* 525 F.2d 813 (2d Cir. 1975); *United States v. Favaloro,* 493 F.2d 623, 626 (2d Cir. 1974). Other factors to be equally weighed include the length of the delay, the reason for it, and whether the defendant has been prejudiced. *Barker v. Wingo, supra* 407 U.S. at 530–533, 92 S.Ct. 2182. *See also, United States ex rel. Cole v. LaVallee,* 376 F. Supp. 6, 11 (S.D.N.Y.1974) (citing cases).

■ Clearly, during the fourteen month delay of which petitioner complains, he never affirmatively demanded a speedy trial. A fourteen month delay before trial, of itself, is not extraordinary. *E. g., United States ex rel. Cole v. LaVallee,* 376 F.Supp. 6, 11 (S.D.N. Y.1974) (14 months not extraordinary); *United States v. Infanti,* 474 F.2d 522, 527 (2d Cir. 1973) (28 months not extraordinary). Glucksman does not assert that the reason for the delay was either negligence or inefficiency on the part of the prosecution, much less a deliberate effort to delay the trial, *see Barker v. Wingo, supra,* 407 U.S. at 531, 92 S.Ct. 2182, but rather merely concludes that the state has failed in its duty to ensure that the defendant be speedily brought to trial. To the contrary, since Glucksman, himself, explicitly consented to the application to him of the trial court's factual findings relative to his co-defendants, he must be bound

10. *People v. Blake,* 31 A.D.2d 614, 295 N.Y. S.2d 509, 510 (1st Dep't. 1968).

11. *Matter of Blake v. Hogan* and *Matter of Glucksman v. Hogan,* 35 A.D.2d 785, 786, 316 N.Y.S.2d 193 (1st Dep't. 1970).

12. *See* note 2, *supra.*

by that court's holdings that he caused the delay. Finally, he has made no showing of prejudice sufficient to warrant a hearing. None of his assertions of prejudice are attributable solely to the delay rather than to the indictment itself. *See United States ex rel. Spina v. McQuillan,* 525 F.2d 813 (2d Cir. 1975). Accordingly, judged by the standards of *Barker v. Wingo, supra,* petitioner's speedy trial claim is without merit.

C. Glucksman also argues that the determination that his prosecution in New York County was proper under state criminal venue rules is not supported by the state court record and, that consequently, the alleged improper venue deprived him of due process. Such a claim involves solely the interpretation of a state statute to determine whether the trial court had jurisdiction and raises no federal question cognizable in a habeas corpus proceeding absent an affirmative showing that the state court's findings were arbitrarily made or based upon clearly erroneous factual findings. 28 U.S.C. § 2254(a); *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); *Odom v. Israel,* 372 F.Supp. 1310, 1311 (E.D.Ill.1974). Petitioner has made no such showing here, and has moreover, utterly failed to demonstrate with any particularity, substantial prejudice resulting from the allegedly improper venue. Accordingly, his conclusory assertion of a violation of due process is insufficient to require a hearing. *Cf., United States ex rel. Weiss v. Fay,* 232 F.Supp. 912, 914 (S. D.N.Y.1964).

D. Glucksman points to the trial transcript to substantiate his contention that the conduct of Justice Gellinoff during trial was openly biased, thereby depriving him of a fair trial. To sustain an allegation of bias as a ground for habeas relief a petitioner must factually demonstrate that during the trial the judge assumed an attitude which went further than an expression of his personal opinion and impressed the jury as more than an impartial observer. *See United States v. Aaron,* 190 F.2d 144, 146 (2d Cir. 1951); *United States v. Allied Stevedoring Corp.,* 241 F.2d 925, 934 (2d Cir. 1957). Judged by that standard, petitioner fails to present sufficient evidence of bias to warrant a hearing. To the contrary, the record clearly indicates that the trial judge's conduct was unquestionably fair and that petitioner's bald assertion of bias is based on comments taken out of context.

E. Petitioner contends that the trial court was without power to effect a substitution of the trial judge during the course of his trial and, therefore, such substitution, despite his clear consent, deprived him of due process. Assuming *arguendo* that such substitution was beyond the scope of the trial court's authority, petitioner fails to affirmatively demonstrate that his right to a fair trial was substantially prejudiced by the change. *See United States ex rel. Weiss v. Fay,* 232 F.Supp. 912, 914 (S.D.N.Y.1964). Therefore this due process claim, also, does not command habeas corpus relief.

F. Glucksman challenges the introduction of his perjured grand jury testimony at his trial for conspiracy and attempted extortion. He claims that since an earlier jury acquitted him of first degree perjury, it concluded that those statements were immaterial, and that to admit the statements at the second trial was to relitigate the issue of materiality, placing him twice in jeopardy in violation of his Fifth and Fourteenth Amendment rights. He further contends that the error in admitting such testimony was compounded by the prosecutor's comment on his failure to testify and the judge's instructions to the jury calling to their attention that only petitioner requested that the court charge the jury that a defendant did not have to testify.

Upon review of the entire record, it is clear that the sole purpose for introducing Glucksman's grand jury

transcripts was not to prove materiality, but to illustrate his consciousness of guilt. Statements illustrating consciousness of guilt are, under New York law, admissible and relevant evidence on the question of a defendant's guilt. *See People v. Leyra,* 1 N.Y.2d 199, 208–210, 151 N.Y.S.2d 658, 134 N.E.2d 475 (1956); *People v. Ruberto,* 10 N.Y.2d 428, 430, 224 N.Y.S.2d 1, 179 N.E.2d 848 (1962). In fact, the prosecutor, in his summation, expressly declared that the significance of petitioner's grand jury testimony was in determining "whether or not the testimony he gave showed a consciousness of guilt" (T–6140), a comment to which Glucksman made no objection. Nor does the record substantiate petitioner's contention that the prosecutor commented on his failure to testify at trial. It is clear that a prosecutor's comment to a jury is not constitutionally impermissible unless it directly and unequivocally calls attention to the failure of the accused to testify, so that a jury would necessarily comprehend the statement to be of such import. *See Tilford v. Page,* 307 F.Supp. 781 (W.D.Okla.1969), *vacated,* 408 U.S. 939, 92 S.Ct. 2873, 33 L.Ed.2d 761 (1971). Taken in context, the prosecutor's remark of which petitioner complains merely expressed the difficulty Glucksman would have, under any circumstances, in explaining certain statements threatening to prosecute the complaining witness and made, if anything, only the most indirect reference to Glucksman's failure to take the stand. As such, this statement, if improper at all, falls far below the degree of constitutional infirmity contemplated by the standard enunciated in *Tilford. Id.* Accordingly, petitioner's claim in this respect is without merit.

 Further, the record clearly indicates that the judge did not prejudicially comment on petitioner's requested charge but, rather, made a general statement that, in fact, petitioner *was* the only defendant who requested the charge that a defendant did not have to testify.

(T–6438). It is specious for petitioner to now contend that the judge's reiteration of his requested charge prejudiced his right to a fair trial.

 G. Glucksman also argues that he was deprived of his Sixth Amendment right to call favorable witnesses by the trial court's arbitrary determination, usurping the function of the jury, that such testimony would be irrelevant. The trial judge repeatedly instructed petitioner's counsel that by excluding the requested witnesses, he was not foreclosing counsel from establishing, at a later point, how such testimony might be relevant to his defense. (T–5442–5446). This failure to demonstrate substantial prejudice reduces petitioner's claim to a mere allegation that the trial judge erred in ruling on the admissibility of evidence under state law, and, as such, is not cognizable in a federal habeas corpus proceeding. *See Schaefer v. Leone,* 443 F.2d 182, 185 (2d Cir. 1971); *Buchannon v. Wainwright,* 474 F.2d 1006, 1007 (5th Cir. 1973) (citing cases); *Hughes v. Swenson,* 452 F.2d 866, 868 (8th Cir. 1971); *Ellis v. State of New Jersey,* 282 F.Supp. 298, 303 (D.C.N.J. 1967), *aff'd,* 388 F.2d 988 (3d Cir. 1968), *cert. den.,* 392 U.S. 938, 88 S.Ct. 2312, 20 L.Ed.2d 1397 (1968).

 H. Finally, Glucksman challenges his state conviction on the ground that he was deprived of his Sixth Amendment right to confront witnesses by the trial court's charge to the jury that it could rely on hearsay statements to determine whether a conspiracy, in fact, existed. A jury charge in a state trial is normally a matter of state law, not reviewable on federal habeas corpus absent a showing that the alleged errors seriously deprived petitioner of a right guaranteed by the Fourteenth Amendment. *Cupp v. Naughten,* 414 U.S. 141, 146, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973); *United States ex rel. Smith v. Montanye,* 505 F.2d 1355, 1359 (2d Cir. 1974).

 The trial record clearly reflects the judge's careful instructions to the

jury, that only after they determine the existence of a conspiracy could they then consider statements made by co-conspirators in furtherance of said conspiracy, (T–6626, 6627, 6675), and petitioner's failure to object to this charge. Assuming *arguendo* that Glucksman has shown any irregularities in the charge, nevertheless, he has failed to establish that the charge, as a whole, so failed to fairly submit the issues to the jury that it substantially prejudiced his right to a fair trial. *United States ex rel. Smith v. Montanye,* 505 F.2d 1355, 1359 (2d Cir. 1974); *United States ex rel. Peterson v. LaVallee,* 279 F.2d 396, 400–01 (2d Cir. 1960), *cert. denied,* 364 U.S. 922, 81 S. Ct. 289, 5 L.Ed.2d 262 (1960); *United States ex rel. Bonomolo v. Wallack,* 238 F.Supp. 14, 18 (S.D.N.Y.1965). *See also, Cupp v. Naughton,* 414 U.S. 141, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973).

### III. *The Challenge to his Reincarceration*

 Glucksman further challenges his imminent reincarceration to serve the remainder of his sentence for the underlying conviction. He maintains that pursuant to state law, his sentence automatically commenced at the expiration of his 120 day stay, and has since expired. Therefore, he claims, his reincarceration under a terminated sentence, after the state failed in its obligation to direct him to surrender upon expiration of the stay, would violate due process. Alternatively, he argues, the state is estopped from ordering his surrender fifteen months after the expiration of his stay, since its failure to force his surrender led him to believe his sentence had terminated. This Court finds that petitioner's ingenious reasoning fails to raise a federal constitutional question. "Matters relating to sentencing and service of sentence . . . are governed by state law . . . " and, accordingly, are not cognizable in a habeas corpus proceeding. 28 U.S.C. § 2254(a); *Handley v. Page,* 279 F.Supp.

878 (W.D.Okla.1968), *aff'd,* 398 F.2d 351, *cert. denied,* 394 U.S. 935, 89 S.Ct. 1212, 22 L.Ed.2d 466 (1970).

 Moreover, Glucksman has at all times remained in state custody despite his physical release pending appeal of his conviction to the Appellate Division. *See Hensley v. Municipal Court,* 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973). It is clearly within the state's power to impose conditions on a stay of execution of judgment. *Cf., Handley v. Page, supra.* Under New York law, a defendant who secures a 120 day stay has the obligation either to apply to the Appellate Division to extend the order or to surrender himself upon the expiration of the 120 days, (CPL § 460.50(4) (McKinney's 1971)), and should a defendant fail to comply with these conditions, the time which elapses beyond the expiration of his stay is not credited to his sentence. After a full and fair adjudication,[13] the state courts have concluded that Glucksman has failed to comply with the conditions of his stay and, accordingly, the outstanding order commanding his surrender to serve the balance of his sentence cannot be said to violate his right to due process. *Cf., Gowen v. Wilkerson,* 364 F. Supp. 1043 (W.D.Va.1973).

For the reasons stated above, this Court upholds the validity of Glucksman's underlying state conviction and concludes that his petition for a writ of habeas corpus is entirely without merit.

### IV. *The Civil Rights Action*

Glucksman also brings an action pursuant to 42 U.S.C. § 1983 against Justice Harold Birns, the Judge who originally sentenced him and who denied his motion to strike the order to surrender, as well as against the Court Clerk, the Assistant District Attorneys who opposed his motion, and the State Commissioner of Corrections. In this action, raising the same challenge to the constitutionality of his reincarceration as did

---

13. *See* notes 3–6, *supra.*

his habeas petition, Glucksman seeks to enjoin that reincarceration and to recover money damages for the harm resulting from Justice Birns' order. Following *Wolff v. McDonald,* 418 U.S. 539, 554–55, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), this Court has jurisdiction to consider petitioner's § 1983 claim for injunctive relief since it is ancillary to his claim for damages. *Compare, Preiser v. Rodriguez,* 411 U.S. 475, 490–94, 93 S. Ct. 1827, 36 L.Ed.2d 439 (1973).

 It is well settled that judicial immunity protects not only judges but other officers of the court from claims for damages under § 1983 for acts committed in their official capacity. *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Blouin v. Dembitz,* 489 F.2d 488 (2d Cir. 1973) (Judges immune from suit for damages under § 1983); *Dacey v. New York County Lawyer's Association,* 423 F.2d 188 (2d Cir. 1969), *cert. denied,* 398 U. S. 929, 90 S.Ct. 1819, 26 L.Ed.2d 92 (1970); *Fowler v. Vincent,* 366 F.Supp. 1224 (S.D.N.Y.1973) (District Attorneys immune from suit for damages under § 1983); *Denman v. Leedy,* 479 F. 2d 1097 (6th Cir. 1973); *Davis v. McAtteer,* 431 F.2d 81 (8th Cir. 1970) (Clerks of court immune from suit for damages under § 1983); *United States ex rel. Bailey v. Askew,* 486 F.2d 134 (5th Cir. 1973) (Correction officials immune from suit for damages under § 1983 for acts committed pursuant to judicial order).

It is equally clear that this Court cannot entertain that portion of his civil rights complaint seeking injunctive relief. The state proceeding which petitioner seeks to enjoin is the execution of the state judgment of conviction. As such, whether it be characterized as a civil or a criminal proceeding, this Court has no power to enjoin it. *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 95 S. Ct. 1200, 43 L.Ed.2d 482 (1975);

*Younger v. Harris,* 401 U.S. 37, 43, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

Accordingly, defendants' motion to dismiss the civil rights complaint is granted. In addition, the petition for a writ of habeas corpus is dismissed. No certificate of probable cause (28 U.S.C. § 2253) will issue because the Court does not believe that there are any questions of substance on which the Court of Appeals should rule.

It is so ordered.