■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES JONES, Appellant. [609 NYS2d 995] —Judgment affirmed. Memorandum: Defendant was convicted after a jury trial of robbery in the first degree, assault in the second degree and criminal possession of a weapon. He contends that his conviction must be reversed because there was insufficient identification evidence to corroborate his accomplice's testimony. We disagree.

In order for identification testimony to be sufficient to corroborate the testimony of an accomplice, it is not necessary that the witness make a positive identification *(see, People v Weiss,* 7 NY2d 139). Rather, the testimony is sufficient if it "tend[s] to connect the defendant with the commission of [the] offense" (CPL 60.22 [1]).

After the victim described the circumstances of the robbery, the prosecutor asked whether she saw anyone in the court-

room who "look[ed] like" one of the perpetrators. She replied, "I am not sure." In response to further inquiry, she responded, "Yes", and pointed to someone whom she identified as "[t]he guy with the sweat shirt". The prosecutor asked that the record reflect that the witness identified defendant, James Jones. Defense counsel objected to that characterization, but affirmed that, "She has pointed to James Jones in response to that question." Subsequently, the prosecutor asked whether the man who had held the other victim was in the courtroom, to which the witness responded, "I believe * * * he look like him. I am not for sure that's him, but he looks like him."

On cross-examination the following colloquy occurred:

"DEFENSE COUNSEL: Mr. Tortora [the prosecutor] asked you more than once, and you said, he looks like the man?

"A. Yes, I did.

"Q. You are not sure, is that right?

"THE COURT: Are you sure or not?

"A. It is * * * skin was smoother than his skin. I am not sure, I am not sure."

We believe that it was reasonable for the jury, which was in a position to observe the witness, particularly when she pointed at defendant, to conclude that her testimony was sufficient to corroborate the accomplice's testimony that defendant was a participant in the robbery.

All concur except Callahan and Davis, JJ., who dissent and vote to reverse in the following memorandum.

Callahan and Davis, JJ. (dissenting). We respectfully dissent. In our view, there was insufficient independent evidence to corroborate the accomplice's testimony.

CPL 60.22 (1) states that "[a] defendant may not be convicted of any offense upon the testimony of an accomplice unsupported by corroborative evidence tending to connect the defendant with the commission of such offense". Although, the corroborative evidence need not establish all the elements of the offense (see, People v Hudson, 51 NY2d 233, 238), it "must be independent of, and may not draw its weight and probative value from, the accomplice's testimony" (People v Steinberg, 79 NY2d 673, 683). Whether identification testimony sufficiently corroborates the testimony of an accomplice does not require a "[p]ositive identification" (People v Weiss, 7 NY2d 139, 141). Rather, it is sufficient that the victim "believe[s] [defendant] was the robber in question, and offer[s] some examples of physical similarity between [defendant] and the participant in

the [crime]" *(People v Weiss, supra,* at 141; *see also, People v Yacobellis,* 24 AD2d 488, *affd* 19 NY2d 986).

Here, the victim testified on direct examination that defendant "look like" one of the perpetrators but that she "was not for sure that's him". On cross-examination, she repeated "I am not sure, I am not sure". Further, she testified that the perpetrator's skin was "smoother than [defendant's] skin". The victim was unable either to recall what the perpetrator was wearing or to give any physical description of him other than to identify his race. Thus, we disagree with the majority that the victim's testimony constituted "corroborative evidence tending to connect the defendant with the commission of [the] offense" (CPL 60.22 [1]).

Furthermore, in our view, there is no merit to the People's assertion that the additional cumulative testimony of the victim's neighbor and the arresting officer provided the minimum statutory corroborative evidence necessary to sustain defendant's conviction. The neighbor testified only that she saw the accomplice and two other African-American males leave the victim's home shortly after the crime occurred. She was unable to identify defendant as one of those men. Additionally, although she was able to recall that one of the men was wearing dark blue jeans, a dark jean jacket and a baseball cap, that testimony was contrary to the accomplice's description of the clothes that defendant was wearing. Finally, the arresting officer testified only that defendant was arrested two weeks after the crime occurred on the same street where the accomplice testified that defendant retrieved knives for use in the offenses charged in the indictment. Thus, we conclude that there is insufficient independent corroboration to connect defendant to the crimes. Therefore, we would reverse the judgment of conviction and dismiss the indictment. (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Robbery, 1st Degree.) Present—Denman, P. J., Pine, Fallon, Callahan and Davis, JJ.