OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Defendant was convicted of first degree robbery, second degree assault and criminal possession of a weapon, for the robbery of Mary Comer and her son Clarence Comer in their home. Accomplice Odell Hudson testified at trial that he committed the robbery with defendant and two other men, James Butts and Raymond Jones, defendant’s brother. Hudson testified that defendant and his brother entered the Comer home and that defendant held Ms. Comer on her couch at knifepoint. Hudson had previously pleaded guilty to second degree robbery and admitted that he had been promised a prison sentence of one and one-half to four years in exchange for his truthful testimony at defendant’s trial.
 

 Ms. Comer initially identified defendant in a photo array 10 days after the crime, stating that she was "almost positive” that defendant was one of the robbers. The trial court held, at a
 
 Wade
 
 hearing, that the photo array was properly conducted. At trial, Ms. Comer testified that two men were involved in the robbery and, although she could not make a positive identification, she pointed to defendant as a person who looked like one of the men. She testified that Hudson held her on the couch at knifepoint, cutting her hands when she resisted, and that defendant restrained her son Clarence.
 

 
 *825
 
 Defendant urges that Ms. Comer’s equivocal identification was insufficient corroboration for Hudson’s accomplice testimony. Corroborating evidence, however, need not be a positive identification
 
 (People v
 
 Breland, 83 NY2d 286, 293;
 
 People v Weiss,
 
 7 NY2d 139, 141). On the facts of this case, Ms. Comer’s identification of defendant was sufficient to satisfy the minimal requirements of the accomplice corroboration statute (CPL 60.22).
 

 Defendant’s remaining contentions lack merit.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed in a memorandum.