■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD PRITTLER, Appellant. [624 NYS2d 587] —Judgment of the Supreme Court, New York County (Juanita Bing Newton, J.), rendered November 9, 1992, convicting defendant, after jury trial, of murder in the second degree, and sentencing him to an indeterminate term of imprisonment of from 25 years to life, unanimously affirmed.

The testimony of defendant's accomplice that defendant had introduced him to an individual, whom the accomplice had hired to commit two murders and who had absconded with the fee he was paid to kill the victim in this case, was properly admitted to establish defendant's intent and motive as well as to provide the background necessary to assist the jury in their comprehension of the crime *(People v Williams,* 193 AD2d 408, *lv denied* 82 NY2d 729). Since defendant never requested a limiting instruction regarding the appropriate use of this evidence, he will not now be heard to complain about the court's failure to give one (CPL 470.05 [2]).

The court properly instructed the jury regarding accomplice corroboration (CPL 60.22). The court was not required to give an expanded charge with respect to the identification testi-

mony of the corroborating witness, who identified defendant from a photographic array and at a line-up *(People v Perez,* 164 AD2d 839, 840-841, *affd* 77 NY2d 928; *see, People v Jones,* 202 AD2d 979, *affd* 85 NY2d 823). Nor was the court required to instruct the jury that, in order to consider an accomplice's testimony, they must find it more likely than not that the corroborating evidence is true. Taken as a whole, the charge clearly advised the jury how to evaluate the corroborating evidence *(People v Daniels,* 37 NY2d 624, 630; *People v Fiore,* 12 NY2d 188, 201-202). Concur—Sullivan, J. P., Wallach, Rubin, Ross and Tom, JJ.