■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AHMAIL DIXON, Appellant. [629 NYS2d 556] —Judgment unanimously affirmed. Memorandum: Defendants appeal from judgments following a jury trial convicting them of robbery in the first degree (Penal Law § 160.15 [3]), unauthorized use of a vehicle in the first degree (Penal Law § 165.08), criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [5]), and criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]). They contend that the testimony of the accomplice is not sufficiently corroborated to sustain their convictions and that the evidence is insufficient to convict them of unauthorized use of a vehicle and criminal possession of stolen property.

The eyewitness identifications of defendants by the victims are sufficient to corroborate the testimony of the accomplice (see, People v Jones, 202 AD2d 979, affd 85 NY2d 823); those identifications provide "enough nonaccomplice evidence to assure that the [accomplice had] offered credible probative evidence" (People v Breland, 83 NY2d 286, 293). The accomplice's testimony, together with the circumstantial evidence of defendants' knowledge that the vehicle was stolen, is sufficient to support defendants' convictions of unauthorized use of a vehicle and criminal possession of stolen property (see, People v Zorcik, 67 NY2d 670).

Defendants' sentences are neither unduly harsh nor severe. We have considered the issues raised in defendant Harris's pro se supplemental brief and conclude that they are without merit. (Appeal from Judgment of Erie County Court, McCarthy, J.—Robbery, 1st Degree.) Present—Pine, J. P., Lawton, Wesley, Callahan and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE HARRIS, Appellant. [629 NYS2d 689] —Judgment unanimously affirmed. Same Memorandum as in People v Dixon (216 AD2d 902 [decided herewith]). (Appeal from Judgment of Erie County Court, McCarthy, J.—Robbery, 1st Degree.) Present—Pine, J. P., Lawton, Wesley, Callahan and Boehm, JJ.