**Harry Robert HANDLEY, Petitioner,**

v.

**Warden, Ray H. PAGE, and the State of Oklahoma, Respondents.**

Civ. No. 67-514.

United States District Court
W. D. Oklahoma.

Feb. 2, 1968.

Harry Robert Handley, pro se.

Charles L. Owens, Asst. Atty. Gen., Oklahoma City, Okl., for respondents.

## ORDER

DAUGHERTY, District Judge.

Petitioner has filed a "Petition for Writ of Habeas Corpus ad Testificandum", and Respondents move to dismiss same.

On April 15, 1966, the Petitioner was sentenced to a term of fifteen years in the Oklahoma State Penitentiary by the District Court for Oklahoma County pursuant to his conviction in that Court of the crime of burglary in second degree after former conviction of a felony. Petitioner was delivered to the Penitentiary on the same day and began service of sentence. On June 10, 1966, the Petitioner was returned to said County, pleaded guilty to another charge for the crime of burglary in second degree after former conviction of a felony and was sentenced on this plea to a term of eight years in the Oklahoma Penitentiary by the District Court for Oklahoma County. Petitioner was returned to the Penitentiary on June 14, 1966.

Neither sentence makes any reference to the other. Each is to begin upon delivery of the Petitioner to the Penitentiary. Petitioner argues that as he was delivered in accordance with each sentence, the terms of imprisonment must run concurrently, and as Oklahoma courts do not have the power to pronounce concurrent sentences except where conviction has been obtained before any sentence is pronounced, both sentences are void. Petitioner has previously exhausted his state remedy on this point. Handley v. Page, 432 P.2d 990 (Okl.Cr.1967).

Petitioner's ingenious reasoning does not aid him as it does not conform to the law. Matters relating to sentencing and service of sentence, allowance of good time credits, etc. are governed by state law and do not raise a federal Constitutional question. Johnson v. Beto, 383 F.2d 197 (Fifth Cir.1967); Gurczynski v. Yeager, 339 F.2d 884 (Third Cir.1964); Burns v. Crouse, 339 F.2d 883 (Tenth Cir.1964), cert. den. 380 U.S. 925, 85 S.Ct. 930, 13 L.Ed.2d 811. Petitioner's contention that Oklahoma courts cannot pronounce concurrent sentences except after conviction of the crimes on which sentence is pronounced is correct, but incomplete. If concurrent sentences cannot be pronounced, then they must run consecutively. 21 O. S. § 61; 22 O.S. § 976; In re Flowers, 71 Okl.Cr. 330, 111 P.2d 509 (1941). It is therefore obvious that Petitioner's sentences must be served consecutively in accordance with Oklahoma law.

Bearden v. State, 392 P.2d 55 (Okl.Cr. 1964). Petitioner makes no suggestion that the convictions on which the sentences are based, or that the sentences in and of themselves, are illegal for want of any federal Constitutional right being observed. His contention is with the time of his delivery to the Penitentiary as ordered in the second sentence. However, the time designated for execution of a sentence is not an essential element of such sentence. Application of Richardson, 346 P.2d 954 (Okl.Cr.1959). The Oklahoma rule in cases of this kind is that the second sentence shall begin at the expiration of the first. Ex parte Grimes, 92 Okl.Cr. 87, 221 P.2d 679 (1950).

Inasmuch as sentencing is a matter of state law, and inasmuch as it appears that Petitioner is being held pursuant to valid sentences legally imposed in accordance with such state law, Respondents' Motion to Dismiss is accordingly sustained and the "Petition for Writ of Habeas Corpus ad Testificandum" filed herein by Petitioner is denied.