**Harry Robert HANDLEY, Appellant,**

v.

**Ray H. PAGE, Warden, Oklahoma State Penitentiary, Appellees.**

**No. 10052.**

United States Court of Appeals Tenth Circuit.

July 24, 1968.

G. T. Blankenship, Atty. Gen., and Charles L. Owens, Asst. Atty. Gen., for appellees.

Harry Robert Handley pro se.

Before MURRAH, Chief Judge, and LEWIS, Circuit Judge.

PER CURIAM.

In his habeas corpus petition, the appellant challenged his state sentences on two grounds. He claims that the state court lacked jurisdiction to impose the type of sentence he received and that consequently the judgments and sentences are void. Alternatively, if the state sentences are not void, he contends that he is serving concurrent rather than consecutive sentences. The district court denied relief, Handley v. Page, 279 F.Supp. 878 (W.D.Okla. 1968), and Handley appealed.

Appellant was convicted and sentenced to fifteen years imprisonment for burglary on April 15, 1966, and delivered to the state penitentiary on the same day. On June 10, 1966, he pleaded guilty to another burglary charge, received an eight year sentence and was returned to the penitentiary. Both commitment orders specified that the sentences were to commence on delivery of the defendant to the state penitentiary.

**352**

 Under Oklahoma law a trial court cannot impose a concurrent sentence where there is a prior incompleted sentence. 21 O.S. § 61, as interpreted in Bearden v. State, 392 P.2d 55 (Okl.Cr. App.1964) and Fulce v. Page, 432 P.2d 353 (Okl.Cr.App.1967). If concurrent sentences cannot be imposed, the second sentence is consecutive to the first. See Shetsky v. Raines, 344 P.2d 1069 (Okl. Cr.App.1959); In re Flowers, 71 Okl.Cr. 330, 111 P.2d 509 (1941).

 . Appellant does not contend that Oklahoma law is being applied discriminately. This matter is thus one of state law and raises no federal issue cognizable in federal habeas corpus. Burns v. Crouse, 339 F.2d 883 (10th Cir. 1964) cert. denied 380 U.S. 925, 85 S.Ct. 930, 13 L.Ed.2d 811 (1965).

Appellee's motion to affirm is granted and the order of the district court is affirmed.