**Charles Curtis HARRIS, Petitioner,**

v.

**The DEPARTMENT OF CORRECTIONS and Richard A. Crisp, Warden, Respondents.**

**No. CIV–77–0069–D.**

United States District Court, W. D. Oklahoma.

Jan. 21, 1977.

Charles Curtis Harris, pro se.

Larry Derryberry, Atty. Gen. by Harold B. McMillan, Jr., Asst. Atty. Gen., Oklahoma City, Okl., for respondents.

## ORDER

DAUGHERTY, Chief Judge.

The court has examined the "Motion for Review and/or Application for Writ of Mandamus Pursuant to Title 28, 1651(A)", together with Motion for leave to proceed in forma pauperis and required affidavit. From the court's examination it appears that the petitioner is attempting to appeal to this court from an Order of the Oklahoma Court of Criminal Appeals dated January 4, 1977, denying to him a Writ of Mandamus. However, the federal district courts do not sit to review on appeal action taken judicially in state proceedings. *Chicago R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 74 S.Ct. 290, 98 L.Ed. 317 (1954), reh. denied, 347 U.S. 924, 74 S.Ct. 512, 98 L.Ed. 1078. The United States District Court has no supervisory or appellate jurisdiction over state courts. *Luikart v. Farmers Lumber Co.*, 38 F.2d 588 (C.A.10 1930); *Shelton v. Randolph*, 373 F.Supp. 448 (W.D.Va.1974). The district courts of the United States are courts of limited jurisdiction and are without authority to serve as an appellate or reviewing court for alleged illegal actions in state court. *Cooper v. Hutchinson*, 88 F.Supp. 774 (D.N.J.1950). Thus, this court has no original jurisdiction to reverse or modify the judgment of the Oklahoma court. *Hill v. McClellan*, 490 F.2d 859 (C.A.5 1974). *Atchley v. Greenhill*, 373 F.Supp. 512 (S.D.Tex.1974).

Nor does this court have jurisdiction to issue a Writ of Mandamus to respondents. Rule 81(b) Federal Rules of Civil Procedure states that the Writ of Manda-

mus is abolished. The authority to issue extraordinary writs derives from the All Writ Statute, 28 U.S.C. § 1651 cited by the petitioner, but this authority exists for the sole purpose of protecting the respective jurisdictions of the federal courts. 28 U.S.C. § 1361 provides that the district courts shall have jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. The respondents are not officers or employees of the United States or any agency thereof. United States District Courts simply do not have any jurisdiction to compel a state or its officers to perform any duty owed to the plaintiff under state law.

■■ Matters relating to sentencing, service of sentence and allowance of any credits are governed by state law and do not raise federal constitutional questions. *Hill v. Page*, 454 F.2d 679 (C.A.10 1971); *Johnson v. Beto*, 383 F.2d 197 (C.A.5 1967); *Burns v. Crouse*, 339 F.2d 883 (C.A.10 1964), cert. denied, 380 U.S. 295, 85 S.Ct. 930, 13 L.Ed.2d 811; *Handley v. Page*, 279 F.Supp. 878 (W.D.Okl.1968), affmd., C.A.10, 398 F.2d 351, cert. denied, 394 U.S. 935, 89 S.Ct. 1212, 22 L.Ed.2d 466. The Oklahoma Court of Criminal Appeals has ruled against the petitioner on the precise point which he presents here. It is not the function of this court by way of appeal, mandamus, habeas corpus or otherwise to review alleged errors made by state courts in the application of Oklahoma law.

Since the application to proceed in forma pauperis is supported by papers satisfying the requirements of 28 U.S.C. § 1915(a) leave to proceed in forma pauperis is granted and the clerk is directed to file the case. The "Motion for Review and/or Application for Writ of Mandamus Pursuant to Title 28, 1651(A)" will then be dismissed.

IT IS SO ORDERED.