956 F.2d 277
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Leslie Lorn ELLIFRITS, Plaintiff-Appellant,
v.
Steven DAVIES, Attorney General of Kansas, Defendants-Appellees.
 No. 91-3252.
 United States Court of Appeals, Tenth Circuit.
 March 2, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Ellifrits, a state inmate, filed a pro se petition for habeas corpus relief. The district court denied relief, dismissed the petition and denied Mr. Ellifrits a certificate of probable cause. Mr. Ellifrits appeals pro se.
 
 
 3
 We grant Mr. Ellifrits permission to proceed with this appeal in forma pauperis.
 
 
 4
 In November 1981, Mr. Ellifrits entered guilty pleas in state court to charges of second degree murder and rape. Mr. Ellifrits received two consecutive sentences of fifteen years to life. He filed no direct appeal. Mr. Ellifrits unsuccessfully pursued post-conviction relief in the Kansas courts.
 
 
 5
 In his pro se petition to the district court Mr. Ellifrits asserted: (1) The consecutive sentences were "abusive"; (2) his guilty pleas were not voluntary; and (3) he was denied effective assistance of counsel.
 
 
 6
 The district court wrote a six-page Memorandum and Order which carefully, thoroughly and thoughtfully analyzed each of Mr. Ellifrits's assertions. The district court concluded the habeas corpus petition contained no merit, denied relief, and dismissed the petition.
 
 
 7
 In his pro se appeal to this court Mr. Ellifrits raises the same arguments made to the district court. Were we to write at length we would say nothing different than did the district court.
 
 
 8
 The judgment of the district court is affirmed for substantially the same reasons set forth in the district court's Memorandum and Order filed July 12, 1991, a copy of which is attached. The mandate shall issue forthwith.
 
 ATTACHMENT
 IN THE UNITED STATES DISTRICT COURT
 FOR THE DISTRICT OF KANSAS
 
 9
 Leslie Lorn Ellifrits, Petitioner,
 
 
 10
 v.
 
 
 11
 Steven Davies, et al., Respondents.
 
 Case No. 89-3068-S
 July 12, 1991
 MEMORANDUM AND ORDER
 
 12
 This matter comes before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate at the Lansing Correctional Facility, Lansing, Kansas, was convicted in the Jefferson County District Court, Oskaloosa, Kansas, in December 1981 and is serving two consecutive sentences of fifteen years to life. In this action, petitioner asserts: (1) the consecutive service of these sentences constitutes an abusive sentence; (2) his guilty plea was not voluntary; and (3) he was denied the effective assistance of counsel.
 
 
 13
 Having examined the record, the court makes the following findings and order.
 
 Factual Background
 
 14
 Petitioner was originally charged with first degree murder, rape, and aggravated sodomy. In November 1981, petitioner entered a guilty plea to an amended charge of second degree murder and to the charge of rape. The aggravated sodomy charge was dismissed upon the State's motion. After inquiring into petitioner's understanding and acceptance of the plea bargain, the trial court accepted petitioner's plea.
 
 
 15
 The trial court again questioned the petitioner regarding the voluntariness of his guilty plea and the factual basis for the plea at petitioner's sentencing in December 1981. No direct appeal was taken, and petitioner unsuccessfully sought post-conviction relief in the state appellate court prior to commencing this action.
 
 Discussion
 Abusive Sentence
 
 16
 Petitioner challenges his consecutive sentences on the ground this type of sentence constitutes an "abusive sentence", an allegation this court construes as a claim the trial court abused its discretion. Petitioner's sentence, however, is in conformity with Kansas law. Pursuant to K.S.A. 21-4608(1), "When separate sentences of imprisonment for different crimes are imposed on a defendant on the same date ... such sentences shall run concurrently or consecutively as the court directs." Petitioner's claim presents, at most, an issue of state law and does not present a constitutional error that may be properly addressed on habeas corpus review. Claims of state procedural error, without more, do not raise federal questions cognizable on federal habeas review. Brinlee v. Crisp, 608 F.2d 839 (10th Cir.1979), cert. denied, 444 U.S. 1047 (1980); see Handley v. Page, 398 F.2d 351 (10th Cir.1968), cert. denied, 394 U.S. 935 (1969) (question whether sentences were void under state law raised no federal issue where defendant did not allege state law had been applied discriminatorily).
 
 Voluntariness of Guilty Plea
 
 17
 Petitioner next asserts his guilty plea was not voluntarily made. The standard for determining competency to enter a guilty plea is whether the accused has sufficient present ability to consult with his attorney with a reasonable degree of rational understanding and has a rational and factual understanding of the proceedings against him. Dusky v. United States, 362 U.S. 402 (1960). Because a guilty plea admits all elements of the crime charged, the defendant must understand all the elements as they relate to the facts of the case to enter a voluntary guilty plea. McCarthy v. United States, 394 U.S. 459 (1969).
 
 
 18
 Having reviewed the state court record, this court finds that the guilty plea entered by petitioner was made knowingly, voluntarily, and intelligently. The record reflects that, before accepting petitioner's plea, the district court judge reviewed with petitioner and his co-defendant the factual basis for the charges, the right to trial, their rights as defendants in a criminal trial, the possible penalties for the counts charged, and the possibility of consecutive sentencing. During the colloquy, petitioner both expressed his guilt and acknowledged his decision to enter a guilty plea to avoid possible conviction on the charge of first degree murder and the charge of aggravated sodomy. Petitioner's responses throughout the entry of his plea on November 30, 1981, and at the time of sentencing on December 21, 1981, illustrate a comprehension of the statements of the court and counsel, and thus the record supports a finding that the plea was valid.
 
 
 19
 In reaching this conclusion, the court has carefully considered an exchange that took place during the sentencing proceeding. During the proceeding, petitioner's co-defendant and his counsel were excused to confer after the co-defendant expressed some reservations about his plea. After they left the courtroom, the following exchange occurred between petitioner, his counsel, and the court:
 
 
 20
 Counsel: (addressing petitioner) If you have any questions like he does and have any misgivings about anything we have done any time along the way, we have discussed it many times, now is the time to bring it up.
 
 
 21
 The Court: Well, he doesn't. They are both in this together ... and they know it. The point is they did counsel, aid and abet each other and that is clear from what they have already told me. Isn't that true?
 
 
 22
 Counsel: Yes.
 
 
 23
 Counsel: Isn't that true, Mr. Ellifritz?
 
 
 24
 Petitioner: Yes.
 
 
 25
 The Court: Both in the rape and the stabbing?
 
 
 26
 Petitioner: Yes.
 
 
 27
 Counsel: What he is saying, you don't have to do the stabbing or raping as long as you counsel, if you counsel, aid and abet you are as guilty as the one who did it.
 
 
 28
 Following this, the co-defendant and his counsel returned to the courtroom, and the sentencing proceeding resumed. During the remainder of the proceeding, petitioner was given an opportunity to make a statement regarding the sentence or any other subject but made none.
 
 
 29
 Clearly, the better course for the trial court would have been to refrain from interrupting the conversation between petitioner and his counsel. However, viewing the record as a whole, this court cannot find that this alone resulted in such a miscarriage of justice as would render relief appropriate. Petitioner was given an opportunity to respond to the court regarding any doubts, and there is no indication that petitioner actually had any inclination at that time to withdraw his plea.
 
 Ineffective Assistance of Counsel
 
 30
 Petitioner's final contention in this action is that he received inadequate legal representation. To establish his claim of ineffective assistance of counsel, petitioner must meet the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). The two-part test set forth in Strickland requires (1) a showing that counsel committed errors so serious that the defendant did not receive the counsel guaranteed by the Sixth Amendment, and (2) a showing that counsel's performance was so deficient that the defendant did not receive a fair trial. The Strickland test is applicable to a claim that a guilty plea is invalid due to the ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52 (1985). In this situation, the defendant must show that absent counsel's errors, he would not have entered a guilty plea and would have insisted upon a trial. Id. at 59.
 
 
 31
 The record in this matter does not establish that petitioner's plea was involuntary due to inadequate representation. Petitioner claims only that his counsel stressed the lengthy sentence he might receive if convicted on the original charges and his counsel's report that the prosecutor believed the evidence against petitioner was strong. Further, while petitioner's counsel may have estimated petitioner would receive a shorter sentence than was imposed, neither an attorney's incorrect estimate of a sentence nor his client's erroneous expectation operates to render a guilty plea involuntary. Laycock v. State of N.M., 880 F.2d 1184 (10th Cir.1989); Wellnitz v. Page, 420 F.2d 935 (10th Cir.1970).
 
 
 32
 It is clear petitioner's counsel negotiated a favorable plea agreement on behalf of his client and conferred with him numerous times prior to the entry of petitioner's guilty plea. Counsel's assistance to petitioner at the entry of his guilty plea was also reasonable. This court finds petitioner's counsel exercised the skill of a reasonably competent attorney in this matter and concludes petitioner is entitled to no relief on this claim.
 
 
 33
 IT IS THEREFORE ORDERED that this action is hereby dismissed and all relief denied. The clerk of the court is directed to transmit a copy of this Memorandum and Order to petitioner and to the Office of the Attorney General for the State of Kansas.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3