999 F.2d 547
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Michael A. EVANS, Petitioner-Appellant,
v.
Duane SHILLINGER, Warden, and the Attorney General of
Wyoming, Respondents-Appellees.
 No. 92-8068.
 United States Court of Appeals, Tenth Circuit.
 June 29, 1993.
 
 1
 Before SEYMOUR and TACHA, Circuit Judges, and ROGERS,* Senior District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 RICHARD D. ROGERS, District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Petitioner Michael A. Evans appeals from the district court's entry of summary judgment in favor of the state respondents in this habeas corpus action. The district court denied petitioner's applications for in forma pauperis status and a certificate of probable cause. On appeal, we review the district court's order de novo, following the mandates of Fed.R.Civ.P. 56(c). Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). We affirm.
 
 
 6
 Petitioner was convicted of first degree sexual assault in June of 1982. As part of that proceeding, the jury also concluded he was a habitual criminal under Wyoming law. He received an enhanced sentence of life imprisonment. In his direct appeal, petitioner raised five issues, none of which are asserted here. See Evans v. State, 655 P.2d 1214, 1216 (Wyo.1982). The state also filed a bill of exceptions, arguing that the trial court should have imposed two sentences, one for the assault charge, and a separate life sentence for the habitual criminal finding.
 
 
 7
 The Wyoming Supreme Court rejected that argument, concluding the habitual criminal finding did not constitute a separate crime. It stated:
 
 
 8
 The habitual criminal statute does not create a new or separate crime and does not authorize or contemplate the conviction of the charge of being an habitual criminal. The distinct crime of being an habitual criminal is unknown. The habitual criminal act only proscribes a punishment and provides that in cases of a fourth felony conviction the penalty shall be enhanced.... Habitual criminality is a status, not an offense, and its finding calls for an enhancement of the punishment for the crime charged.
 
 
 9
 Id. at 1225. The court also stated that adoption of the state's argument would result in a violation of the double jeopardy clause. Id.
 
 
 10
 Petitioner did not seek post-conviction relief pursuant to Wyoming statute. See Wyo.Stat. § 7-14-101(b). In 1987 he filed a petition for writ of habeas corpus in the federal district court, raising the three issues presented here. That petition was dismissed for failure to exhaust state remedies. At that juncture, he filed a state habeas petition. Both the state trial court and Wyoming Supreme Court dismissed his habeas petitions. He then filed this federal petition.
 
 
 11
 Petitioner raises three claims. He argues 1) that the state trial court had no jurisdiction to impose "a separate and independent natural life sentence" for the charge of being a habitual criminal, 2) that his sentence under the habitual criminal act violates his privilege against self-incrimination and also is precluded by the double jeopardy clause, and 3) that he received ineffective assistance from his counsel at four different stages in the proceedings. We address these arguments in turn.
 
 
 12
 Petitioner's first argument is, curiously, the same challenge which the state made in its bill of exceptions on direct appeal of the state charge. The Wyoming Supreme Court soundly rejected that argument. Evans, 655 P.2d at 1225. At most, this claim states a challenge under Wyoming law. For that reason, it is not a cognizable federal habeas corpus claim. See Brinlee v. Crisp, 608 F.2d 839, 843 (10th Cir.1979), cert. denied, 444 U.S. 1047 (1980); Handley v. Page, 398 F.2d 351, 352 (10th Cir.1968), cert. denied, 394 U.S. 935 (1969). Consequently, we affirm the entry of summary judgment on this issue.
 
 
 13
 Although stated in constitutional language, the second claim is likewise a challenge to the sentence enhancement. To the extent petitioner is challenging the legality of his sentence, our review is precluded for the reasons stated above. Even assuming, however, that this claim states a more expansive challenge, petitioner cannot prevail. Under Wyoming law, a criminal defendant forfeits any claims which could have been, but were not, brought on direct review. Wyo.Stat. § 7-14-103(a)(i). To the extent petitioner is trying to state separate Fifth Amendment constitutional claims unrelated to the sentencing challenge, they are procedurally barred. See Coleman v. Thompson, 111 S.Ct. 2546, 2554 (1991).
 
 
 14
 To overcome this procedural defect, petitioner must establish cause for the default and resulting actual prejudice. Id. at 2565. Cause exists only if some external impediment, either government interference or factual unavailability of the claim, prevented petitioner from raising it. Andrews v. Deland, 943 F.2d 1162, 1171-72 (10th Cir.1991), cert. denied, 112 S.Ct. 1213 (1992). The prejudice prong is satisfied only through "a showing that the prisoner was denied 'fundamental fairness.' " Murray v. Carrier, 477 U.S. 478, 494 (1986). Petitioner has not made the requisite showing under these standards. Consequently, he cannot overcome the procedural default.
 
 
 15
 Finally, we turn to the ineffective assistance of counsel claim. Petitioner maintains he was denied his Sixth Amendment right to counsel 1) at the time of his preliminary hearing, 2) during trial, 3) at sentencing, and 4) on direct appeal. He contends his counsel was defective in, among other things, failing to object to evidence, failing to articulate his arguments on appeal, failing to request limiting jury instructions and mishandling the habitual criminal proceeding. He argues these collective failures resulted in an unfair conviction and sentence.
 
 
 16
 In Wyoming, failure to raise an ineffective assistance of counsel claim in the direct appeal results in a forfeiture of that claim. See Calene v. State, 846 P.2d 679, 683 (Wyo.1993). This state procedural default would, therefore, normally constitute a bar to the federal habeas claim. This court has recognized, however, that where, as here, one attorney represents the defendant both at trial and on appeal, there is cause for that attorney's failure to raise his own ineffectiveness. Hopkinson v. Shillinger, 866 F.2d 1185, 1203 n. 12 (10th Cir.1989), reh'g on other grounds, 888 F.2d 1286 (10th Cir.1989), cert. denied, 497 U.S. 1010 (1990).
 
 
 17
 Nonetheless, in this case, the procedural default did not end with the failure to raise this issue on direct appeal. Wyoming has in place a post-conviction statute allowing criminal defendants to raise this claim collaterally. See Wyo.Stat. § 7-14-101(b). They must do so, however, within five years of conviction. Id. § 7-14-103(d). Under Wyoming law, ineffective assistance claims are procedurally barred unless brought within this limitations period.
 
 
 18
 Petitioner's effort to obtain relief through the state habeas process could not cure this default. In Wyoming, the remedies available through state habeas corpus are not coextensive with the relief provided under the post-conviction statutes. See State ex. rel. Hopkinson v. District Court, 696 P.2d 54, 58-59 (Wyo.), cert. denied, 474 U.S. 865 (1985). State habeas relief is limited to situations where the trial court acted wholly outside its jurisdiction. Id. at 60. Consequently, any claim not resting on a jurisdictional ground may not be raised. Thus, petitioner's effort to obtain state habeas relief could not dissolve the procedural bar.
 
 
 19
 Petitioner's assertion that this claim was forfeited as a result of his counsel's deficient performance is unavailing. First, he cannot argue ineffectiveness arising in any respect from the failure of an attorney to help him with a post-conviction petition because he has no right to an attorney in those proceedings. Coleman, 111 S.Ct. at 2568. Second, claims that an attorney was ignorant or that he failed to raise arguments through inadvertence are not sufficient to establish ineffective assistance. Murray, 477 U.S. at 486-87. That is what petitioner argues here. Finally, petitioner has not shown "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984).[1]
 
 
 20
 For all these reasons, the judgment of the United States District Court for the District of Wyoming is AFFIRMED. Petitioner's motion to incorporate records is DENIED. His application for certificate of probable cause and request for in forma pauperis status are GRANTED. The mandate shall issue forthwith.
 
 
 
 *
 Honorable Richard D. Rogers, United States District Judge for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Likewise, petitioner has failed to demonstrate that the procedural bar will result in a fundamental miscarriage of justice. See Coleman, 111 S.Ct. at 2564