43 F.3d 1482
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Carl Wayne CRISS, Petitioner-Appellant,
v.
Jim DENNIS, Warden; State of Oklahoma, by and through Susan
B. Loving, Attorney General, Respondents-Appellees.
 No. 94-6027.
 United States Court of Appeals, Tenth Circuit.
 Dec. 19, 1994.
 
 ORDER AND JUDGMENT[1]
 Before ANDERSON, SETH, and BARRETT, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal arises from the district court's denial of petitioner's application for a writ of habeas corpus, filed pursuant to 28 U.S.C. 2254. Pursuant to a plea agreement, petitioner was sentenced in the state district court for Carter County, Oklahoma. That court's judgment and sentence stated that his sentence was "to run concurrent with all other pending federal and state cases." R. Vol. I, Doc. 24, Ex. C. Thereafter, petitioner pleaded guilty and was sentenced on offenses charged in state district court in Grady County, Oklahoma. The Grady County sentences were to run concurrently with each other, but not concurrently with the previous Carter County sentence. In addition, a federal detainer was issued against petitioner by the United States Marshal based on a warrant for violation of probation. Petitioner had not, however, been sentenced for any probation violation. Based on this series of events, petitioner argues that he is serving his sentences in violation of his Carter County plea agreement and the resulting judgment and sentence of that court. He also argues that his Carter County plea was not knowing and voluntary because it was based on his understanding that all sentences, including those subsequent to the Carter County sentence, would be served concurrently.
 
 
 3
 We review the district court's denial of a habeas petition de novo. Kell v. United States Parole Comm'n, 26 F.3d 1016, 1019 (10th Cir.1994). In addition, "[w]e review petitioner's pro se pleadings under a liberal standard." Jones v. Cowley, 28 F.3d 1067, 1069 (10th Cir.1994).
 
 
 4
 To the extent that petitioner is challenging the Oklahoma court's ability or disability to run his sentence concurrent with subsequently imposed state or federal sentences, federal habeas provides no relief. See Handley v. Page, 279 F.Supp. 878, 879 (W.D. Okla.), aff'd, 398 F.2d 351 (10th Cir.1968), cert. denied, 394 U.S. 395 (1969). Further, we agree with the district court's determination that the Carter County sentencing transcript indicates that the sentencing judge knew she only had authority to order that the Carter County sentence be served concurrently with any sentences then in existence.
 
 
 5
 To the extent that petitioner is claiming that his guilty plea was involuntary because he was misled by his attorney, "[w]hen an involuntariness claim rests on the faulty legal decisions or predictions of defense counsel, the plea will be deemed constitutionally involuntary only when the attorney is held to have been constitutionally ineffective." Worthen v. Meachum, 842 F.2d 1179, 1184 (10th Cir.1988), overruled on other grounds by Coleman v. Thompson, 501 U.S. 722 (1991). The record in this case prohibits an ineffective assistance claim because petitioner was given an opportunity to withdraw his Carter County plea, see R. Vol. I, Doc. 24, Ex. G, and, therefore, there was no prejudice, see Strickland v. Washington, 466 U.S. 668, 692 (1984)(requiring prejudice to support ineffective assistance of counsel claim).
 
 
 6
 Likewise, to the extent petitioner alleges involuntariness of his plea because of a broken promise by the judge or prosecutor, his claim fails. Petitioner was given the opportunity to withdraw his guilty plea at a point when he was aware that his subsequent sentences would not run concurrently with his Carter County sentence, and he did not choose to do so. See Worthen, 842 F.2d at 1184 (indicating that proper relief for broken promise inducing plea agreement would be opportunity to withdraw plea or specific performance).
 
 
 7
 Petitioner filed a motion on November 10, 1994, to present newly decided evidence; petitioner's motion is GRANTED. We have considered the Carter County documents submitted by petitioner, but they do not alter the outcome of this appeal.
 
 
 8
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470