FILED
United States Court of Appeals
Tenth Circuit

November 23, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

KENNETH W. BALLARD,

     Petitioner - Appellant,

v.

ERIC FRANKLIN, Warden; JIM RABON,
Sentence Administrator; TERRY JENKS,
Executive Director; J D DANIELS, Deputy
Director; STATE OF OKLAHOMA,

     Respondents - Appellees.

No. 11-6191
(D.C. No. 5:11-CV-00310-W)
(W.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE**, Chief Judge, **MURPHY** and **MATHESON**, Circuit Judges.

---

Kenneth Wayne Ballard, a state prisoner appearing *pro se*, seeks a certificate of

appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2241

petition for habeas corpus. *See Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000)

(holding that a state prisoner must obtain a COA to appeal the denial of a § 2241 habeas

petition). We deny his request and dismiss this matter.

---

     \* This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.   BACKGROUND

On January 25, 1984, Mr. Ballard pled guilty to multiple counts of robbery with firearms and one count of first degree murder.  An Oklahoma state court sentenced him to 75 years of imprisonment for each robbery conviction and to life imprisonment for the murder conviction.  The state court ordered that the robbery sentences run concurrently, but that the murder sentence run consecutively to the robbery sentences.

In or around April 2010, Mr. Ballard was informed that he was scheduled for a jacket review for parole consideration by the Oklahoma Pardon and Parole Board ("OPPB") for the 75-year robbery sentence.  The OPPB denied Mr. Ballard parole.  Mr. Ballard contends he was denied parole because the OPPB considered facts from his murder conviction when it should have considered only his robbery convictions.

Mr. Ballard filed numerous petitions in the state district court and the Oklahoma Court of Criminal Appeals challenging the application of his sentences.  The Oklahoma courts denied all of his petitions.[1]

Mr. Ballard filed a 28 U.S.C. § 2241 petition for writ of habeas corpus in the Western District of Oklahoma on March 21, 2011.  He alleged that the Oklahoma

---

[1]Although the respondents raised a failure-to-exhaust argument in their brief to the district court, neither the magistrate judge nor the district court analyzed the exhaustion issue.  Instead, the magistrate judge agreed with the respondents' failure-to-exhaust argument but determined that its recommended disposition of Mr. Ballard's claims made it unnecessary to examine the issue in detail.  Because there is insufficient material in the record for us to analyze whether Mr. Ballard exhausted both his state administrative and judicial remedies, we also choose not to examine the exhaustion issue and instead deny Mr. Ballard's application for a COA on the bases set forth below.

Department of Corrections was improperly administering his sentence because he was supposed to serve the life imprisonment sentence for the murder conviction *before* the 75 year sentence for the robbery convictions. He also brought claims challenging the decisions and procedures of the OPPB. He alleged that the OPPB improperly denied him parole and violated his due process and equal protection rights when it refused to hold a full and fair hearing on his request for a rehearing, reconsideration, and review of its denial of his parole. He further argued that the OPPB's lack of an administrative grievance procedure on reconsideration of parole decisions rendered the state court's decision denying his petition for writ of habeas corpus a violation of Supreme Court and Tenth Circuit precedent.

A magistrate judge issued a report and recommendation denying Mr. Ballard's petition. As to Mr. Ballard's claims against the OPPB's decision and procedures, the magistrate judge found that Mr. Ballard had no liberty interest in parole. Mr. Ballard therefore had no claim for a violation of procedural or substantive due process rights. The magistrate judge further found that the OPPB's reasons for denying Mr. Ballard parole were not arbitrary and capricious.

As to Mr. Ballard's claim that he was serving the incorrect sentence, the magistrate judge found that the administration of Mr. Ballard's sentence was consistent with the state court's orders, was consistent with Oklahoma policy regarding the administration of concurrent sentences, and ultimately was a matter of state law not appropriately before the court.

The district court adopted the report and recommendation of the magistrate judge, and dismissed Mr. Ballard's petition. Mr. Ballard filed a notice of appeal and an application for a COA, which the district court denied.

## II.     ANALYSIS

To receive a COA, Mr. Ballard must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make that showing, a petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (quotations omitted). In evaluating whether Mr. Ballard has carried his burden, we undertake "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). Mr. Ballard is not required to demonstrate that his appeal will succeed, but he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

### A.  *The Sequence of Mr. Ballard's Sentences*

Mr. Ballard argues that he should currently be serving his life sentence for the murder conviction and that the 75-year sentence for the robbery convictions should follow. Instead, he is currently serving the 75-year sentence for robbery, and the life sentence for the murder conviction will follow.

We agree with the district court and the magistrate judge that this issue is a matter

of state law and that any misapplication of the sequence of Mr. Ballard's sentences does not involve the denial of a constitutional right. *See Harris v. Dep't of Corr.*, 426 F. Supp. 350, 352 (W.D. Okla. 1977) ("Matters relating to sentencing, service of sentence and allowance of any credits are governed by state law and do not raise federal constitutional questions."); *see also Handley v. Page*, 398 F.2d 351, 352 (10th Cir. 1968) (holding that an issue as to whether the petitioner was serving concurrent or consecutive sentences was an issue of state law that did not raise a federal issue cognizable for federal habeas corpus relief).[2]

Even if his claim were cognizable on federal habeas corpus review, we agree with the district court and the magistrate judge that the state court did not specify that the life sentence for the murder conviction should have been imposed before the 75-year sentence for the robbery conviction. We also agree that the Oklahoma Department of Corrections imposed Mr. Ballard's sentences pursuant to Oklahoma policy on sentencing administration.

### B. Mr. Ballard's Claims Regarding the OPPB[3]

_____

[2] We also note that in *Apodaca v. Ferguson*, No. 96-8118, 1997 WL 618712 (10th Cir. Oct. 6, 1997) (unpublished), we recognized that the order in which an inmate is serving consecutive sentences is a state law issue that does not give rise to federal habeas review. *Id.* at *1 ("At most, petitioner is complaining about the order in which he is serving his sentences. Such sentencing matters are state law concerns that do not raise federal issues cognizable on federal habeas review.").

[3] In his brief, Mr. Ballard raises only a claim challenging the sequence of his sentences. But in his motion to proceed *in forma pauperis*, he claims that, in addition to

Continued . . .

In his § 2241 petition, Mr. Ballard requested the district court to order the OPPB to rehear, reconsider, and review its decision to deny Mr. Ballard parole on his robbery conviction. He also claimed that he was denied due process when the OPPB refused to hold a hearing on his request for rehearing, reconsideration, and review. Finally, he claimed that the OPPB's lack of an administrative grievance procedure for review of denials of parole renders the Oklahoma Court of Criminal Appeals' decision denying a petition for writ of habeas corpus a violation of state and federal law.

Based on established precedent, we agree with the district court and magistrate judge that Mr. Ballard has no liberty interest in parole under the Oklahoma parole statutes. *See, e.g.*, *Shirley v. Chestnut*, 603 F.2d 805, 807 (10th Cir. 1979); *Shabazz v. Keating*, 977 P.2d 1089, 1093 (Okla. 1999) ("[T]here is no protectable liberty interest in an Oklahoma parole."); *see also Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."); *Fristoe v. Thompson*, 144 F.3d 627, 630 (10th Cir. 1998) ("The Constitution does not itself afford appellant a liberty interest in a reduced sentence."). It follows that Mr. Ballard has no claim for violation of procedural or substantive due process. *See Fristoe*, 144 F.3d at 630

the sequence of his sentence, he is challenging "all the reasons and grounds raised in" the district court's order denying his petition for habeas corpus. Motion for Leave to Proceed on Appeal without Prepayment of Costs or Fees, at 2. He makes a similar claim in his notice of appeal and application for a COA. Because we construe pro se filings liberally, *see Sigala v. Bravo*, 656 F.3d 1125, 1126 (10th Cir. 2011), we also consider his claims regarding the OPPB's parole decision and procedures.

("To make out a due process claim, appellant must assert the infringement of a protected liberty interest."); *Wildermuth v. Furlong*, 147 F.3d 1234, 1239 (10th Cir. 1998) (rejecting a claim for a violation of substantive due process because the inmate had no liberty interest in parole). Finally, we agree with the district court and magistrate judge that Mr. Ballard did not allege or show that he was denied parole for an arbitrary or unconstitutional reason.

## III.   CONCLUSION

After reviewing Mr. Ballard's appellate brief and application for a COA, the district court's order and the magistrate's report and recommendation, and the entire record on appeal pursuant to the Supreme Court's framework in *Miller-El*, we conclude that Mr. Ballard is not entitled to a COA. Accordingly, we DENY his request for a COA and DISMISS this matter. We GRANT Mr. Ballard's request to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge

-7-