FILED
United States Court of Appeals
Tenth Circuit

September 1, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JAMES M. BERTOLO,

    Petitioner - Appellant,

v.

RANDY LIND; DEAN WILLIAMS;
MIKE ROMERO; JOE MORALES,

    Respondents - Appellees.

No. 20-1081
(D.C. No. 1:18-CV-02188-RM)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **KELLY**, and **EID**, Circuit Judges.
_____

James M. Bertolo, a state prisoner appearing pro se, seeks a certificate of

appealability ("COA") to challenge the district court's denial of his application for relief

under 28 U.S.C. § 2241. *See* 28 U.S.C. § 2253(c)(1)(A); *Montez v. McKinna*, 208 F.3d

862, 867 (10th Cir. 2000) (requiring state prisoners bringing a § 2241 claim to obtain a

COA before being heard on the merits of the appeal). Exercising jurisdiction under

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

1

28 U.S.C. § 1291, we deny a COA and dismiss this matter. We also deny his request to proceed *in forma pauperis* ("*ifp*").

## I. BACKGROUND

Mr. Bertolo pled guilty to two counts of sexual exploitation of a child, a "class 3 felony" under Colorado Revised Statute § 18-6-403, and one count of sexual assault on a child, a "class 4 felony" under § 18-3-405. He was sentenced to a prison term. His plea agreement required him to complete the sex offender treatment program, in which participants must disclose prior conduct in sexual history questionnaires, polygraph testing, and treatment sessions. Mr. Bertolo's estimated mandatory release date is in 2027. He became eligible for parole in 2015 and participated in a parole hearing in 2016.

The Colorado State Parole Board ("Parole Board") denied parole and deferred Mr. Bertolo's next hearing until 2019. It cited "Public risk (Concerns for public safety)" and the "Severity/Circumstances of offense." ROA at 110. The mittimus (warrant of commitment to prison) issued to the Parole Board said Mr. Bertolo pled guilty to "exploitation of a child by one in a position of trust." *Id.* at 105. In his state post-conviction proceedings, the Colorado Court of Appeals said that it was a "clerical error" for the mittimus to include the words "by one in a position of trust." *People v. Bertolo*, No. 18CA1639, *18-19 (Colo. App. Jan. 16, 2020).

Mr. Bertolo filed a § 2241 application raising various constitutional challenges to the Parole Board's decision. The district court denied the application, finding "there was a rational basis for the Parole Board's decision to deny parole and defer reconsideration

2

for three years." ROA at 172. It also denied his requests for monetary and injunctive relief as improper in a § 2241 application and denied various "supplemental claims" he raised in a separate filing. *Id.*[1] Finally, the court declined to issue a COA.

## II. DISCUSSION

### A. *Legal Background*

#### 1. Certificate of Appealability

A state prisoner must obtain a COA to appeal a denial of § 2241 relief. *See* 28 U.S.C. § 2253(c)(1)(A); *Montez*, 208 F.3d at 867. To obtain a COA, the prisoner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He must show "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).

#### 2. Section 2241

A § 2241 application typically questions the execution of a sentence rather than its validity. *See Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011). It challenges "the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement." *McIntosh v. U.S. Parole Comm'n*, 115

---

[1] Mr. Bertolo does not seek to challenge these decisions on appeal.

3

F.3d 809, 812 (10th Cir. 1997) (quotations omitted).  A challenge to a parole order may

be brought under § 2241.  *See Henderson v. Scott*, 260 F.3d 1213, 1214 (10th Cir. 2001).

In evaluating a habeas application challenging a parole decision, the district court

reviews "for abuse of discretion, asking whether the Board's action resulted in an

abridgement of the petitioner's constitutional rights."  *Wildermuth v. Furlong*, 147 F.3d

1234, 1236 (10th Cir. 1998) (quotations omitted).  "[A parole board's] decision will stand

unless it is arbitrary and capricious."  *Curtis v. Chester*, 626 F.3d 540, 544 (10th Cir.

2010) (quotations omitted).

3. **Due Process and Parole**

"To make out a due process claim, [a § 2241 applicant] must assert the

infringement of a protected liberty interest."  *Fristoe v. Thompson*, 144 F.3d 627, 630

(10th Cir. 1998).  "There is no constitutional or inherent right of a convicted person to be

conditionally released before the expiration of a valid sentence."  *Greenholtz v. Inmates*

*of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).  Thus, "the mere existence of a

purely discretionary parole authority creates no entitlement and, therefore, no

concomitant federal due process interest."  *Straley v. Utah Bd. of Pardons*, 582 F.3d

1208, 1214 (10th Cir. 2009); *see also Ballard v. Franklin*, 463 F. App'x 732, 735 (10th

4

Cir. 2011) (unpublished)[2] (holding that a § 2241 applicant "ha[d] no liberty interest in parole" and therefore "no claim for violation of procedural or substantive due process").[3]

Although "a state parole statute can create a liberty interest when the statute's language and structure sufficiently limits the discretion of a parole board," *Boutwell v. Keating*, 399 F.3d 1203, 1213 (10th Cir. 2005), "the Colorado parole statute gives the Board broad discretion," *Schuemann v. Colo. State Bd. of Adult Parole*, 624 F.2d 172, 175 (10th Cir. 1980); *see also* Colo. Rev. Stat. § 17-22.5-403(7)(b). In reviewing the denial of discretionary parole, we therefore "do not need to consider the arguments made

---

[2] Although not precedential, we find the reasoning of the unpublished decisions cited in this order instructive. *See* 10th Cir. R. 32.1 ("Unpublished decisions are not precedential, but may be cited for their persuasive value."); *see also* Fed. R. App. P. 32.1.

[3] In *Reed v. McKune*, 298 F.3d 946, 954 (10th Cir. 2002), a panel of this court said that "[a]n inmate's interest in participating in a state's parole program *is* [a] liberty interest inhering directly in the Due Process Clause itself, and thus is not subject to deprivation without strict procedural safeguards." (emphasis added). To the extent *Reed* conflicts with the Supreme Court's decision in *Greenholtz* and with our earlier precedent, it does not bind us. *See United States v. Mitchell*, 518 F.3d 740, 752 n.14 (10th Cir. 2008) ("We are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court." (quotations omitted)); *see also Pruitt v. Heimgartner*, 620 F. App'x 653, 659 (10th Cir. 2015) (unpublished) (noting that *Reed* appears to conflict with Supreme Court law and earlier Tenth Circuit precedent). We have consistently held that prisoners lack a liberty interest in parole when a state parole board has broad discretion. *See Malek v. Haun*, 26 F.3d 1013, 1015 (10th Cir. 1994) (declining to find a "liberty interest" in discretionary parole because there is "no constitutional or inherent right to receive parole prior to the expiration of a valid sentence"); *Candelaria v. Griffin*, 641 F.2d 868, 870 (10th Cir. 1981) (per curiam) (same); *Shirley v. Chestnut*, 603 F.2d 805, 807 (10th Cir. 1979) (per curiam) (same).

on appeal concerning the sufficiency of the process given . . . because we have not recognized any liberty interest." *Boutwell*, 399 F.3d at 1215 n.3.

## B. *Analysis*

### 1. Due Process Arguments

In his brief to this court, interpreted liberally,[4] Mr. Bertolo argues the following as violations of due process:

> (1) the Parole Board improperly considered confidential information regarding his sex offender treatment program, Aplt. Br. at 8-9, 13-14;

> (2) the district court incorrectly observed he was convicted of "sexual assault on a child by one in a position of trust," *id.* at 10-11; ROA at 162, 164; and

> (3) the Parole Board improperly deferred his next parole hearing for three years under Colorado Revised Statute § 17-2-201(4)(a), Aplt. Br. at 16-22.

These allegations fail because, as the district court explained, Mr. Bertolo has no liberty interest in discretionary parole before his sentence expires. *See Greenholtz*, 442 U.S. at 7; Colo. Rev. Stat. § 17-22.5-403(7)(b). Nor does his plea agreement create such an interest. *See People v. Bertolo*, No. 2005CR000567, Plea Agreement at 3-4;[5] *see also*

---

[4] Because Mr. Bertolo appears pro se, we construe his filings liberally, *see Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010), but we do not advocate for him, *see Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[5] The Plea Agreement, though not included in the record on appeal, is accessible from the state court's docket. We may take judicial notice of this filing. *See United States v. Smalls*, 605 F.3d 765, 768 n.2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court); Fed. R. Evid. 201(b)(2).

*Cunningham v. Diesslin*, 92 F.3d 1054, 1059 (10th Cir. 1996) (denying a petitioner's

claim of entitlement to mandatory parole *before* the expiration of his prison term because

"the application of mandatory parole to [the petitioner's] sentence [wa]s neither an

explicit nor an implicit part of the plea agreement"). We therefore "do not need to

consider the arguments made on appeal concerning the sufficiency of the process given to

Mr. [Bertolo] because we have not recognized any liberty interest of which he has been

deprived." *Boutwell*, 399 F.3d at 1215 n.3.[6]

Reasonable jurists would not debate the district court's rejection of these

arguments, and a COA is thus not warranted.

---

[6] Even if Mr. Bertolo could show a liberty interest in discretionary parole, he identifies no due process violation.

First, although he contends the Parole Board violated Colorado law and administrative rules by considering confidential information, he asserts without explanation that this conduct also violated his Fourteenth Amendment rights. This is inadequate to show the denial of a constitutional right to obtain a COA. *See Leatherwood v. Allbaugh*, 861 F.3d 1034, 1043 (10th Cir. 2017) ("A habeas applicant cannot transform a state law claim into a federal one merely by attaching a due process label.").

Second, it is not clear Mr. Bertolo preserved in district court his contention that the Parole Board improperly relied on the "clerical error" that his sexual-exploitation-of-a-minor offense included "a position of trust." He otherwise cannot show a procedural or substantive due process violation. *See Pettigrew v. Zavaras*, 574 F. App'x 801, 813 (10th Cir. 2014) (unpublished) (explaining that a parole applicant had not shown a procedural or substantive due process violation because he failed to "establish[] that the parole board itself was aware that it was acting on false information regarding his criminal background").

Third, Mr. Bertolo has not shown the Parole Board violated his constitutional rights by deferring his next hearing for three years under Colorado Revised Statute § 17-2-201(4)(a). Even assuming this issue has not become moot, the statute allows the Parole Board to "reconsider granting parole . . . once every three years" to anyone "convicted of a class 3 sexual offense." Colo. Rev. Stat. § 17-2-201(4)(a).

## 2. **Other Arguments**

Mr. Bertolo also argues:

> (1) the requirement that he enter the sex offender treatment program and disclose incriminating information violated his Fifth Amendment privilege against self-incrimination, Aplt. Br. at 1-4, 12-13;
>
> (2) the denial of parole was an additional punishment for his offenses, violating the Fifth Amendment's protection against double jeopardy, *id.* at 5; and
>
> (3) the Parole Board asked him improper questions regarding his sealed Presentence Investigative Report ("PSR") and relied on "dismissed charges" in denying parole, violating the Fifth Amendment's protection against double jeopardy, *id.* at 8, 14.

These arguments do not warrant a COA.

First, the state could condition Mr. Bertolo's eligibility for parole on his participation in the sex offender treatment program. *See Gwinn v. Awmiller*, 354 F.3d 1211, 1226 (10th Cir. 2004) (explaining that the "choice between the opportunity to . . . retain favorable parole status or . . . refusing to participate in the treatment program . . . did not rise to a level where it is likely to compel a person to be a witness against himself").[7]

---

[7] Mr. Bertolo also argues his plea agreement did not require participation in the sex offender treatment program. Aplt. Br. at 1-4. But it conditioned his eligibility for parole on participation in treatment. *See* ROA at 55; *People v. Bertolo*, No. 2005CR000567, Sex Offender Addendum to Plea Agreement.

Second, "the denial of parole does not change the length of a prisoner's sentence," so "it is not the imposition of more than one punishment for the same offense as prohibited by the double jeopardy clause." *Mahn v. Gunter*, 978 F.2d 599, 602 n.7 (10th Cir. 1992) (quotations omitted).

Third, the Parole Board could consider his sealed PSR and dismissed charges. *See Robinson v. Hadden*, 723 F.2d 59, 62 (10th Cir. 1983) (holding that paroling authorities may consider presentence reports and dismissed charges).[8]

Reasonable jurists would not debate the district court's denial of these claims. A COA is thus not warranted.

## III. **CONCLUSION**

We deny Mr. Bertolo's request for a COA and dismiss this matter. Because Mr. Bertolo has failed to show the "existence of a reasoned, nonfrivolous argument on the

---

[8] Mr. Bertolo also contends that the Parole Board violated state regulations when it allowed his therapists to testify and it recorded the hearing. Aplt. Br. at 8-9, 13-14. But he fails to explain how these asserted errors deprived him of a constitutional right. *See Leatherwood*, 861 F.3d at 1043.

9

law and facts in support of the issues raised," *Buchheit v. Green*, 705 F.3d 1157, 1161

(10th Cir. 2012) (quotations omitted), we deny his motion to proceed *ifp*.[9]

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

---

[9] In his brief, Mr. Bertolo asks for appointment of counsel. Although he did not file a motion to this effect, we deny this request as moot.